UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION
GREENEVILLE

| | |
|---|---|
| KATERI LYNNE DAHL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-00072-KAC-JEM |
| ) | |
| CHIEF KARL TURNER, ) | |
| *in his individual capacity only, et al.,* ) | |
| ) | |
| Defendants. ) | |

**Plaintiff's Motion to Amend her Pleadings**

Plaintiff Kateri Lynne Dahl, by counsel Hugh A. Eastwood and Alexis I. Tahinci, state for her motion to amend her pleadings pursuant to Fed. R. Civ. P. 15(a):

I.  **Introduction**

On June 22, 2022, plaintiff Kat Dahl filed her Complaint in this case. The gravamen of her allegations is that she was fired as a special federal prosecutor assigned to Johnson City because she pushed its then-Police Chief Karl Turner and his officers to investigate and seize Sean Williams, a local business and real estate owner then suspected of sexually assaulting dozens of women whom he lured to his apartment and drugged. Shortly after Dahl went outside of JCPD and the U.S. Attorney's Office, and complained to third-parties about Johnson City's bewildering inaction as to Williams, she lost her job.

After Dahl's filing, a flurry of activities occurred outside of the four corners of this case. Johnson City retained police expert Eric Daigle, who issued a blistering report finding that Johnson City's handling of sexual assault cases met neither industry standards nor legal

requirements, and that the City holds an existing bias and belief of stereotypes about women within its police department that hurt the quality of sexual assault investigations.[1]

Additionally, nine Jane Doe sexual assault victims of Williams sued Johnson City in this Court alleging that multiple Johnson City police officers were part of a sex trafficking conspiracy.[2] And further questions have been raised in other related federal and state cases related to Johnson City's handling of both sexual assault complaints and evidence against Williams particularly, and sexual assault complaints generally.

Williams has recently fled custody, and the U.S. Marshal seeking Williams's re-apprehension "has a lot of questions" about how Williams made the escape and pledged to seek charges against anyone who aided him—implying that Williams may have had such aid.[3]

In other words, subsequent events have borne out the truth of many of Dahl's allegations.

Discovery is well underway by the parties pursuant to the Court's Scheduling Order [Doc. 24]. Further evidence in discovery has emerged directly linking federal DOJ funding to Johnson City both as to Dahl's employment under her MOU, as well as to pole camera technology used by Johnson City in a futile attempt to gather evidence against Williams. Further evidence has also developed as to the pretextual reasons that Chief Turner used to explain why Dahl lost her job thanks to his unilateral actions on behalf of Johnson City.

---

[1] The 45-page audit looked at over 300 sexual assault cases handled by the JCPD from 2018 through 2022 and found several key issues including poor record keeping, inconsistent, ineffective and incomplete investigations, flaws with the closing of investigations, insufficient training and department policies and procedures. It is widely publicized, and a copy is attached as an exhibit to the proposed amending pleading.
[2] *Jane Does 1-10 v. City of Johnson City, et al.,* No. 2:23-cv-71-TRM-CRW (E.D. Tenn.).
[3] Jeff Keeling, U.S. Marshal: 'A lot of questions' about Sean Williams escape, WJLH (Sept. 18, 2023), available online at https://www.wjhl.com/news/local/sean-williams-case/u-s-marshal-a-lot-of-questions-about-sean-williams-escape/?ipid=promo-link-block-ml1 (last accessed Oct. 22, 2023).

Dahl now timely moves to amend her pleading under the Scheduling Order to correct details of some allegations based on discovery, to dismiss her conspiracy claim and the Officer John Doe 1 through 3 defendants, and to add a claim under the National Defense Authorization Act, 10 U.S.C. § 2409 and 41 U.S.C. § 4712 (NDAA).

Defendants have indicated that they do not consent to the proposed amended pleading.

II. **Legal Standard**

Under the Court's Scheduling Order, the deadline to amend pleadings is October 24, 2023. Although Defendants did file a responsive pleading to the original complaint, nevertheless the more liberal amendment standard of Fed. R. Civ. P. 15(a)(2)—that is, that amendment should be "freely given when justice so requires"—applies when a pleading is timely filed under a Scheduling Order. *Cf. Korn v. Paul Revere Life Ins. Co.,* 382 F. App'x 443, 449 (6th Cir. 2010). A motion to amend a pleading may be denied where there is shown to be (1) undue delay, (2) lack of notice to the opposing party, (3) bad faith, (4) repeated failure to cure in prior amendments, (5) prejudice to the opposing party, or (6) futility of the amendment. *Perkins v. American Elec. Power Fuel Supply, Inc.,* 246 F.3d 593, 605 (6th Cir. 2001). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.,* 408 F.3d 803, 817 (6th Cir. 2005).

III. **Discussion**

Dahl seeks to amend her complaint based on two reasons: the flurry of events that continue to occur outside the four corners of this case, and information gleaned in discovery, particularly in two lengthy days of depositions the week of October 16, 2023.[4] This deposition

---

[4] The parties do not yet have transcripts of those depositions taken over twenty hours on October 17 and 18, 2023, as it takes some time for the court reporter to prepare them.

testimony confirms that two Johnson City police officers thought that Dahl was "obsessed" with pursuing a broad case against Williams, and that Johnson City's preference was for Dahl to focus on particular drug or gun cases its officers identified. The testimony also confirms that Johnson City officers were divided over Dahl, the only woman to hold the SAUSA federal prosecutor job assigned to Johnson City. Finally, the testimony confirms that Johnson City tried to push a false narrative that Dahl "lied" to Chief Turner about her schedule in late May and June of 2021 when she was assigned to try a criminal case involving thorny witness testimony[5], and had been pressured by Chief Turner and other department leadership to indict five specific cases at the June 2021 Federal Grand Jury.[6]

In her proposed amended pleading, Dahl corrects some of the details of her allegations based on discovery. She effectively dismisses her conspiracy count as to the defendant Officer John Does 1 through 3, and therefore also dismisses those three defendants.

Dahl adds a claim under the NDAA given the evidence of DOJ funding both for her former job and for Johnson City's investigation of Williams. This claim is consistent with the theory of her case: that Johnson City conducted a wholly inadequate investigation into sexual assault complaints against Williams, either out of incompetence or corruption, and that Chief Turner unilaterally fired Dahl when she complained to others outside of JCPD and outside of the U.S. Attorney's Greeneville Office about Johnson City's failures. The NDAA claim is not futile,

---

[5] That case settled days before the scheduled trial, on information the first to occur by the Greeneville U.S. Attorney's Office since Covid-19 shut down normal functioning.

[6] Of those five cases, three were never indicted federally, presumably for lack of probable cause or other defects preventing prosecution. A fourth was eventually indicted by the U.S. Attorney's Office in October 2021 with drug charges against a non-violent woman already in state custody who posed no threat to public safety. The fifth—a related case—was also indicted in October 2021 against a man who possessed a sufficient quantity of meth to show intent to distribute. In other words, even after Dahl's termination, prosecutors did not rush immediately to indict these cases.

and will not cause prejudice given that notice of the evidence supporting the claim arose in the course of depositions.

A proposed First Amended Complaint, together with exhibits and a redline comparing the proposed amended pleading to the Complaint, are attached to this motion. Dahl sent a substantially-similar redline copy to counsel for defendants before filing this motion. Defendants have indicated that they do not consent to the amended pleading.

IV. **Conclusion and Prayer**

The amended pleading responds to real-world events that have occurred since this suit was filed, and to evidence learned or confirmed in discovery.

WHEREFORE in the interests of justice for which leave should be freely given, Plaintiff Kateri Lynne Dahl prays this Court to SUSTAIN her motion to amend her pleadings pursuant to Fed. R. Civ. P. 15(a); to permit her to file her First Amended Complaint (attached hereto along with exhibits and a redline); and to grant such other relief as may be just, meet and reasonable.

Dated: October 23, 2023        Respectfully submitted,

Lead Counsel for Plaintiff Kateri Lynne Dahl

/s/ Hugh A. Eastwood
Hugh A. Eastwood, *admitted pro hac vice pursuant to L.R. 83.5(b)(1),*
E.D. Mo. Bar No. 62058MO,
7911 Forsyth Blvd., Ste. 300
St. Louis, Missouri 63105-3825
hugh@eastwoodlawstl.com
(314) 809 2343
(314) 228 0107 eFax

Co-Counsel for Plaintiff Kateri Lynne Dahl

/s/ Alexis I. Tahinci
Alexis I. Tahinci, TN BPR No. 031808
Tahinci Law Firm PLLC
105 Ford Ave., Suite 3

5

Kingsport, TN 37663
(423) 406-1151
(423) 815-1728 Fax
alexis@tahincilaw.com

**Certificate of Service**

The undersigned certifies that on October 23, 2023 that (s)he filed this document with the District Clerk to be served by operation of the Court's CM/ECF system upon all counsel of record.

*/s/ Hugh A. Eastwood*