UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| KATERI LYNEE DAHL, | ] | |
|---|---|---|
| Plaintiff, | ] | |
| v. | ] | No. 2:22-cv-00072-KAC-CRW |
| | ] | JURY DEMAND |
| CHIEF KARL TURNER, OFFICER JOHN DOES 1 THROUGH 3, and CITY OF JOHNSON CITY, TENNESSEE, | ] | |
| Defendants. | ] | |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
OR IN THE ALTERNATIVE, MOTION TO STRIKE UNDER RULE 12(f)**

Come the City of Johnson City ("Johnson City") and Karl Turner, in his individual capacity, and respond as follows in opposition to plaintiff's Motion to Amend her Pleadings. [Doc. 40]:

**I.  Introduction**

The proposed First Amended Complaint contains certain new allegations, including allegations that the defendants intend to ultimately demonstrate are false, scandalous and/or immaterial. For example, based on recent deposition testimony from Ms. Dahl's former supervisor at the United States Attorney's Office, Assistant United States Attorney Wayne Taylor (who was critical of Ms. Dahl's job performance), Ms. Dahl is now asserting (*without any good faith factual basis whatsoever*) that "Johnson City leadership and Dahl's DOJ supervisor Wayne Taylor have 'circled the wagons' given their failures as to Williams …" *See Doc. 40-1, PageID #: 298 at ¶ 10.* But the defendants recognize allegations that are false, scandalous and/or immaterial to the claims before the Court are more properly dealt with under Federal Rule of Civil Procedure 12(f), and

therefore, are not addressed in this Response.

## II. Plaintiff's Motion to Amend should be denied under Rule 15 with leave to refile

The defendants' position is that the proposed First Amended Complaint has repeated references to matters that are protected as subsequent remedial measures under Federal Rule of Evidence 407. Therefore, the defendants would suffer prejudice if the First Amended Complaint is filed in its current form. A defendant suffering prejudice is a basis to deny a motion to amend under Federal Rule of Civil Procedure 15. *See Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 983-84 (E.D. Tenn. 2011).

Contemporaneous with the filing of this Response, the defendants are filing a Motion in Limine seeking the exclusion of any evidence or discovery related to Attorney Eric Daigle, the "Daigle Audit," or the City's decision to retain an attorney to review how officers of the Johnson City Police Department handled sexual assault investigations. Mr. Daigle was retained in response to the allegations made in Ms. Dahl's Complaint and the public's response to her allegations. The Motion in Limine is supported by a Memorandum Brief and the Declaration of the City Manager, Cathy Ball, explaining why this information should be excluded under Rule 407. The reason the defendants are filing a separate Motion in Limine is that the requested relief goes beyond the issue of whether the plaintiff should be allowed to file her proposed First Amended Complaint in its present form. For purposes of this Response, the defendants adopt verbatim the Motion in Limine, the supporting Brief, and the declaration of Cathy Ball.

If this Court grants the Motion in Limine, then the defendants assert that the Motion to Amend should be denied because the proposed First Amended Complaint contains several references that are violative of Rule 407. This includes paragraphs 3, 129, 130, 131, 133, and 134 as well as all exhibits to the proposed First Amended Complaint that include references to either

2

Mr. Daigle, the Daigle Audit or the decision to retain an outside attorney to review how officers at the Johnson City Police Department were handling sexual assault investigations.

**III.     In the alternative, all references to Mr. Daigle, the Daigle Audit or the employment of an outside consultant to review sexual assault investigations should be stricken under Rule 12(f)**

If this Court grants the Motion in Limine, but concludes that the proper avenue of relief is under Rule 12(f), then in the alternative the defendants seek relief under that Rule on the basis that the references to Mr. Daigle, the Daigle Audit, and the City's decision to retain an attorney are "immaterial" since evidence of subsequent remedial measures is not admissible against the defendants under Rule 407 as a matter of public policy. *See e.g. Windrock, Inc. v. Resonance Sys., Inc.*, 2023 WL 3990051, at *9 (E.D. Tenn. 2023) ("*See* Fed. R. Civ. P. 12(f) (explaining that the court may strike on its own an immaterial matter for a pleading).").

**IV.     Conclusion**

The defendants request that the Court hold the plaintiff's Motion to Amend in abeyance until the Court first rules on the defendants' contemporaneously-filed Motion in Limine seeking the exclusion, under Federal Rule of Evidence 407, of any evidence or discovery related to Mr. Daigle, the Daigle Audit, or the employment of an outside consultant to review sexual assault investigations. If the Motion in Limine is granted, then the defendants assert that the Motion to Amend should be denied based on the current proposed First Amended Complaint – with the recognition that this Court would allow the plaintiff to resubmit a proposed First Amended Complaint for filing. In the alternative, if the Motion in Limine is granted, then the defendants assert that all offending references and exhibits should be stricken in accordance with Rule 12(f) before the plaintiff is allowed to file the proposed First Amended Complaint.

Respectfully submitted,

*s/K. Erickson Herrin*
K. Erickson Herrin, BPR # 012110
**HERRIN, McPEAK & ASSOCIATES**
515 East Unaka Avenue
P. O. Box 629
Johnson City, TN   37605-0629
Phone: (423) 929-7113
Fax: (423) 929-7114
Email: lisa@hbm-lawfirm.com

*s/ Thomas J. Garland, Jr.*
Thomas J. Garland, Jr., BPR # 011495
**MILLIGAN & COLEMAN PLLP**
P.O. Box 1060
Greeneville, TN   37744-1060
Phone: (423) 639-6811
Fax: (423) 639-0278
Email: tgarland@milligancoleman.com

*s/ Emily C. Taylor*
Emily C. Taylor, BPR # 27157
**WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.**
P.O. Box 131
Knoxville, TN   37901-0131
Phone: (865) 637-1700
Fax: (865) 525-2514
Email: etaylor@watsonroach.com

*Attorneys to Defendants*