UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| KATERI LYNNE DAHL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 2:22-CV-72-KAC-JEM |
| KARL TURNER, et al., | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is "Plaintiff's Motion for Relief from E.D. Tenn. Local Rule 83.2 to [P]ermit [C]ounsel to [S]peak [P]ublicly as [P]ermitted by Tenn. Sup. Ct. R. 3.6(c)" [Doc. 42]. In that Motion, Plaintiff "moves for relief from E.D. Tenn. L.R. 83.2 to permit all counsel of record to speak publicly as permitted by Tenn. Sup. Ct. R. 3.6(c)" [*Id.* at 1]. Plaintiff argues that Defendant "Johnson City (through its City Manager Cathy Ball) and Sean Williams" "have given interviews that have been published in both local and national outlets" about this matter [*Id.* at 3]. Plaintiff further argues that some "of their statements cast doubt on the truth and accuracy of [Plaintiff]'s allegations" [*Id.*]. Defendants oppose Plaintiff's Motion, arguing that "the facts of this case do not support a finding that any statements made will cause substantial undue prejudicial effects to [Plaintiff], such that she would be denied a right to a fair trial" [Doc. 49 at 10]. Defendants also argue that granting Plaintiff's motion "will quickly result in this case being tried in the public before it is tried in this Court" [*Id.* at 2].

Local Rule 83.2(a) states:

No lawyer or law firm associated with a civil action shall, during its investigation or litigation, make or participate in making an extrajudicial statement, other than a quotation from or reference to public records, which a reasonable person would

1

expect to be disseminated by means of public communication if there is a reasonable likelihood that such dissemination will interfere with a fair trial and if such dissemination relates to: (1) evidence regarding the occurrence or transaction involved; (2) the character, credibility, or criminal record of a party, witness, or prospective witness; (3) the performance or results of any such examination or tests or the refusal or failure of a party to submit to such; (4) the attorney's opinion as to the merits of the claims or defenses of a party, except as required by law or administrative rule; and (5) any other matters reasonably likely to interfere with a fair trial of the action.

E.D. Tenn. L.R. 83.2(a). But in "a widely publicized or sensational civil or criminal case, the Court, on motion of either party or its own motion, may issue a special order governing such matters as extrajudicial statements by parties and witnesses likely to interfere with the rights of the parties . . . to a fair trial by an impartial jury . . . and any other matters which the Court may deem appropriate for inclusion in such an order." E.D. Tenn. L.R. 83.2(c).

Local Rule 83.6 governs the conduct of counsel. "The minimum standards of professional conduct before this Court include the Rules of Professional Conduct adopted by the Supreme Court of Tennessee insofar as they relate to matters within the jurisdiction of this Court." E.D. Tenn. L.R. 83.6. As relevant here, the Tennessee Rules of Professional Conduct state that a "lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding." Tenn. Sup. Ct. R. 8, RPC 3.6(a). But "a lawyer may make a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client" as long as that statement is "limited to such information as is necessary to mitigate the recent adverse publicity." Tenn. Sup. Ct. R. 8, RPC 3.6(c).

Here, it is appropriate to allow counsel for all Parties to make public statements that comply with Tennessee Rule of Professional Conduct 3.6. The public statements that have already been made about this case and related issues and the public interest in this case and related issues make this "a widely publicized" case meriting "a special order" giving the Parties' counsel greater latitude to speak than Local Rule 83.2(a) generally provides. *See* E.D. Tenn. 83.2(c). Plaintiff has identified at least sixty (60) news stories, both local and national, related to this case [*See* Doc. 42-1]. One of these stories involves a central figure in this case making statements that Plaintiff alleges could cast doubt on her motives in bringing this action [*See* Docs. 42 at 13-14, 49 at 8].

However, Tennessee Rule of Professional Conduct 3.6 and this Court's Order are not without limits. Crucially, Rule 3.6 limits public statements to those "***required*** to protect a client from the substantial undue prejudicial effect of ***recent publicity***," and any required statement must include only information that is "***necessary*** to mitigate the ***recent*** adverse publicity." Tenn. Sup. Ct. R. 8, RPC 3.6(c) (emphasis added). Counsel must be judicious and prudent in making any statement. And counsel must properly limit the information included in any statement. Failure to fully comply with this Order and Rule 3.6 could materially prejudice the adjudication of this matter and result in sanctions. *See* Fed. R. Civ. P. 16(f), 41(b). For the reasons above, the Court **GRANTS** "Plaintiff's Motion for Relief from E.D. Tenn. Local Rule 83.2 to [P]ermit [C]ounsel to [S]peak [P]ublicly as [P]ermitted by Tenn. Sup. Ct. R. 3.6(c)" [Doc. 42]. Counsel for all Parties may make public statements about this case to the extent permitted by Tennessee Rule of Professional Conduct 3.6.

IT IS SO ORDERED.

    s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge