UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| KATERI LYNN DAHL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:22-CV-72-KAC-JEM ) |
| CHIEF KARL TURNER, *et al.*, | ) ) |
| Defendants. | ) ) |

**<u>MEMORANDUM AND ORDER</u>**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Amend Her Pleadings ("Motion to Amend") [Doc. 40]. Defendants responded in opposition to the motion [Doc. 46], and Plaintiff filed a reply [Doc. 48]. Also before the Court is Defendants' Motion in Limine to Exclude Evidence Related to Eric Daigle and the Daigle Audit ("Motion in Limine") [Doc. 44]. Plaintiff responded in opposition to this motion [Doc. 47], and Defendants filed a reply [Doc. 51]. The motions are ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the Court **GRANTS** Plaintiff's motion [**Doc. 40**] and **DENIES WITHOUT PREJUDICE** Defendants' motion [**Doc. 44**].

I. **BACKGROUND**

Plaintiff filed her Complaint on June 22, 2022 [Doc. 1]. According to Plaintiff, "[t]he gravamen of her allegations is that she was fired as a special federal prosecutor assigned to Johnson City because she pushed its then-Police Chief Karl Turner and his officers to investigate and seize

Sean Williams[]" ("Williams"), a suspect in dozens of sexual assaults [Doc. 40 p. 1]. As a result of Plaintiff's complaints to third parties, she alleges that she lost her job [*Id*.].

Following the filing of her Complaint, Plaintiff states that "Johnson City retained police expert Eric Daigle, who issued a blistering report finding that Johnson City's handling of sexual assault cases met neither industry standards nor legal requirements, and that the City holds an existing bias and belief of stereotypes about women within its police department that hurt the quality of sexual assault investigations" [*Id*. at 1–2]. In addition, Plaintiff states that nine Jane Doe sexual assault victims filed a lawsuit, *Jane Does 1–10 v. City of Johnson City*, No. 2:23-cv-71-TRM-JEM, Doc. 1 (E.D. Tenn. June 21, 2023), "alleging that multiple Johnson City police officers were part of a sex trafficking conspiracy" [*Id*. at 2]. Further, according to Plaintiff, when Williams fled from being in custody, a United States Marshal "impl[ied] that Williams may have had . . . aid" [*Id*.]. Plaintiff also states that during discovery, she learned of evidence "directly linking federal [Department of Justice] funding to Johnson City both as to [her] employment under her [Memorandum of Understanding], as well as to pole camera technology used by Johnson City in a futile attempt to gather evidence against Williams" [*Id*.]. Discovery has also shown, she asserts, evidence supporting her allegations that she was terminated for pretextual reasons [*Id*.].

Given "the flurry of events that continue to occur outside the corners of this case, and information gleaned in discovery," Plaintiff moves to amend her Complaint under Rule 15(a) of the Federal Rules of Civil Procedure [Doc. 40 p. 3]. She explains that her amended Complaint (1) "corrects some of the details of her allegations based on discovery[,]" (2) dismisses her conspiracy count as to the defendant Officer John Does 1 through 3, and therefore also dismisses those three defendants[,]" and (3) "adds a claim under the [National Defense Authorization Act]"

[*Id*. at 4]. In accordance with Local Rule 15.1, Plaintiff filed her proposed First Amended Complaint as an exhibit to her motion [Doc. 40-1].

Defendants object, stating that the proposed First Amended Complaint includes "repeated references to matters that are protected as subsequent remedial measures under Federal Rule of Evidence 407" [Doc. 46 p. 2].[1] In light of these references, Defendants assert that they will suffer prejudice if Plaintiff is allowed to file her proposed First Amended Complaint [*Id*. at 2].

"Contemporaneous with the filing of [their] [r]esponse [to the motion to amend], [Defendants] [filed] a Motion in Limine seeking the exclusion of any evidence . . . related to Attorney Eric Daigle, the 'Daigle Audit,' or [Johnson] City's decision to retain an attorney to review how officers at the Johnson City Police Department handled sexual assault investigations"[2] [*Id*.; *see also* Doc. 44 p. 1 (seeking to exclude "[P]laintiff from . . . introducing evidence related to Eric Daigle and/or a report prepared by his law firm")].[3] Defendants state that after Plaintiff filed her lawsuit, Cathy Ball ("Ball"), the City Manager of Johnson City, "released a statement to various media outlets that the City was in the process of seeking an outside consultant to conduct a review as to how sexual assault investigations were handled by officers of the [Johnson City

---

[1] Defendants also state that "[t]he proposed First Amended Complaint contains certain new allegations" that are "false, scandalous, and/or immaterial" [Doc. 46 p. 1]. But Defendants do not address them in their response, stating that such allegations are more appropriate for a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure [*Id*. at 1–2]. The Court therefore does not address them here.

[2] Defendants also sought an order prohibiting any discovery related to Eric Daigle and/or the Daigle Audit [Doc. 44 p. 1]. But in their reply, Defendants "withdraw their argument that the [P]laintiff should not be able to take the deposition of Eric Daigle" [Doc. 51 p. 1]. The Court therefore will not address this request and Plaintiff's arguments against it [*See* Doc. 47 pp. 5–9].

[3] Defendants explain that they filed a Motion in Limine because "the requested relief goes beyond the issue of whether the [P]laintiff should be allowed to file her proposed First Amended Complaint in its present form" [Doc. 46 p. 2]. But they "adopt verbatim the Motion in Limine, the supporting [b]rief, and the declaration of Cathy Ball" [*Id*. at 2].

3

Police Department]" [Doc. 45 p. 2 (citing Doc. 45-1 ¶ 4)]. Johnson City hired Attorney Daigle, and following Attorney Daigle's report ("Daigle Audit"), Ball released it to the public [*Id.* (citing Doc. 45-1 ¶¶ 4–7)]. According to Defendants, "[a]ll recommendations in the Daigle Audit have been implemented (or funding allocated to do so) with the sole exception that the Daigle Audit recommended that Internal Affairs investigations be conducted for all complaints" [*Id.* (citing Doc. 45-1 ¶ 8)]. Defendants contend that the Daigle Report is evidence of subsequent remedial measures and should be excluded under Rule 407 [*Id.* at 4–6]. In addition, relying on Rule 403, Defendants state that "any attempt by [Plaintiff] to seek to introduce the Daigle Audit or Mr. Daigle's testimony on the theory that no Internal Affairs Investigation was undertaken as to her Federal District Court Complaint (*i.e.*, the one recommendation not implemented)," is unfairly prejudicial [*Id.* at 7].

If the Court grants their Motion in Limine, "[D]efendants assert that the Motion to Amend should be denied because the proposed First Amended Complaint contains several references that are violative of Rule 407[,]" including "paragraphs 3, 129, 130, 133, 134, as well as the exhibits[,]" which reference the subsequent remedial measures [Doc. 46 pp. 2–3]. In the alternative, "[i]f this Court grants the Motion in Limine, but concludes that the proper avenue of relief is under Rule 12(f)," Defendants seek an order finding that "references to Mr. Daigle, the Daigle Audit, and [Johnson] City's decision to retain an attorney are 'immaterial'" pursuant to Rule 12(f) [*Id.* at 3]. According to Defendants, such references are immaterial under Rule 12(f) because "evidence of subsequent remedial measures is not admissible against [them] under Rule 407 as a matter of public policy" [*Id.*].

Plaintiff denies that her allegations in the proposed First Amended Complaint are false, scandalous, or immaterial [Doc. 48 pp. 1–2]. To the extent the Court considers Defendants' request

to strike under Rule 12(f), Plaintiff states that it should be denied; Daigle's investigation and report are not subsequent remedial measures [*id*. at 2–4] because "Johnson City denied in public statements any connection between [her] complaint and the Daigle [A]udit" [Doc. 47 pp. 2, 8–11]. Plaintiff also contends that the Daigle Audit is admissible under Rule 803(8)(A)(iii) and that Defendants' request is premature under the Scheduling Order [*Id*. at 2, 8]. In any event, Plaintiff argues that "it is not clear that references to subsequent remedial measures are prejudicial in a pleading" [Doc. 48 p. 5].

Although Plaintiff contends that her Complaint and the Daigle Audit are not connected, Defendants assert that the timeline of events show otherwise [Doc. 51 pp. 2–4]. With respect to Plaintiff's argument regarding Rule 803(8)(A)(iii), Defendants state that the issue before the Court is not whether the Daigle Audit is hearsay but whether it is a subsequent remedial measure under Rule 407 [*Id*. at 5–7]. And to the extent Plaintiff argues that their motion is premature, Defendants state that they "recognize that this Court may choose to hold this Motion in abeyance; but there is no prohibition against filing the Motion in Limine at this juncture" [*Id*. at 7].

## II. ANALYSIS

The Court finds that Defendants will not be unduly prejudiced by the filing of Plaintiff's First Amended Complaint. The Court further finds that Defendants' request to exclude the Daigle Audit, and any evidence related to it, premature at this time.

### A. Plaintiff's Motion to Amend

Under Federal Rule of Civil Procedure 15, courts should "freely give leave where justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether justice requires the amendment is committed to the district court's discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Despite the liberality of Rule 15(a)(2), a court may deny a motion to amend if the

court finds undue delay, bad faith, or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment. *Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *2 (E.D. Tenn. Jan. 21, 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The only objection Defendants assert with respect to Plaintiff's proposed First Amended Complaint is that it includes "repeated references to matters that are protected as subsequent remedial measures under [Rule 407]" that will prejudice Defendants [Doc. 46 p. 2]. Defendants have not cited any legal authority for the proposition that referencing evidence in a pleading that may be inadmissible constitutes undue prejudice under Rule 15.[4] And further, other than arguing that the evidence is inadmissible, Defendants do not explain how they will be unduly prejudiced by the amendments. *Moore*, 790 F.2d at 562 (finding that there must be "at least some significant showing of prejudice to the opponent"). Indeed, the parties have begun taking discovery on Mr. Daigle's Audit [*see* Doc. 51 p. 1 ("[Defendants] acknowledge that the [P]laintiff can take [Mr. Daigle's] deposition"); *see also* Doc. 53 p. 2 (explaining that Defendants are "permitting" the deposition of Mr. Daigle)], which seems inconsistent with Defendants' claim that they will be unduly prejudiced by amendments referencing it.[5]

In light of the liberality of Rule 15 and the timeliness of Plaintiff's motion [*see* Doc. 24 p. 2–3], the Court finds Plaintiff's request well taken. Plaintiff shall file her operative pleading [Doc. 40-1] in CM/ECF on or before January 10, 2024.

---

[4] Defendants cite *Felts v. Cleveland Housing Authority*, 821 F. Supp. 2d 968 (E.D. Tenn. 2011), but this case does not address whether a party is unduly prejudiced by a pleading that references evidence that may be inadmissible.

[5] Further, as Defendants acknowledge, they released the Daigle Audit to the media [Doc. 45 p. 2 (citing Doc. 45-1 ¶ 5)].

6

### B. Defendants' Motion in Limine

Defendants request that the Court exclude "the Daigle Audit and any testimony related to the Daigle Audit" under Rule 407 "as a subsequent remedial measure whether the plaintiff seeks to rely on this evidence in an attempt to prove liability of the [D]efendants" [Doc. 51 p. 1 (citation omitted)]. Yet, at the time of the parties' filings they had not deposed Attorney Daigle [*see* Doc. 53 pp. 2–3], discovery is not closed [*see* Doc. 54], and the parties have until March 15, 2024, to file motions in limine [*see* Doc. 24 p. 3].

A "motion in limine" is a motion "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States,* 469 U.S. 38, 40 n.2 (1984). "[T]he determination as to whether evidence is inadmissible is not ripe for decision until an offer has actually been made to introduce the challenged material into evidence." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 491 (C.D. Cal. 2014) (quoting *Henrikson v. Turbomeca, S.A.*, No. CV.S 06 1563 WBS DAD, 2006 WL 3929541 (E.D. Cal. Dec. 13, 2006)). The Court finds that it will be in a better position to address the admissibility of this contested evidence, if Plaintiff discloses the Daigle Audit and any testimony referencing it in her pretrial disclosures and after discovery has closed. *See In re E.I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016) ("To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds."); *see also Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) ("An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds." (quoting *Auenson v. Lewis*, Civ. A. No. 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996)).

7

The Court therefore denies without prejudice Defendants' request.[6]

### III. CONCLUSION

For the reasons explained above, the Court **GRANTS** Plaintiff's Motion to Amend Her Pleadings [**Doc. 40**]. Plaintiff **SHALL** file her operative pleading [Doc. 40-1] in CM/ECF on or before **January 10, 2024**. The Court **DENIES WITHOUT PREJUDICE** Defendants' Motion in Limine to Exclude Evidence Related to Eric Daigle and the Daigle Audit [**Doc. 44**].

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[6] Defendants move to strike all references to Mr. Daigle, the Daigle Audit, or the employment of an outside consultant, "[i]f this Court grants the Motion in Limine" [Doc. 46 p. 3]. Given that the Court has not granted the motion in limine, the Court does not address Defendants' contingent request.