# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

**STATE OF TENNESSEE**
**COUNTY OF WASHINGTON**

Personally appeared before the Honorable Lisa Rice, Judge of the Criminal Court of Washington County for said State, the undersigned Investigator Mike Little of the First Judicial District Attorney General's Office, and now makes oath in due form of law that there is probable and reasonable cause to believe Sean Williams is now in possession of certain evidence of a crime, to wit: Violations of State Laws as Set Forth in TCA § 39-13-502 (Aggravated Rape); TCA § 39-13-531 (Aggravated Rape of a Child); TCA § 39-17-1003 (Sexual Exploitation of a Minor); and TCA § 39-13-605 (Unlawful Photography in Violation of Privacy); and the evidence to be searched for is as follows: See Attached "Appendix A" which details items to be searched for.

The Affiant further testifies that the said evidence is in the possession of the Johnson City Police Department located in Washington County, Tennessee and more particularly described as follows:

Apple Cell Phone – No Serial or IMEI Number Visible
Apple Cell Phone – No Serial or IMEI Number Visible
Apple Cell Phone – No Serial or IMEI Number Visible
Samsung Galaxy Note 9 – S/N:356567090667989
Dell Laptop – S/N: 12672512821
Toshiba Laptop – S/N: 3D130250Q
Apple Computer – S/N: C02D50EDJV3P
ASUS Computer – C1PECJ009532
Three (3) Micro SD Cards

## Statement of Facts In Support of Probable Cause

1. Your affiant is a Criminal Investigator for the First Judicial District of Tennessee which includes Washington County, Tennessee and is authorized to investigate and make arrests for felony offenses under the laws of the State of Tennessee.

2. Your affiant has personally participated in the investigation set forth below. Affiant is familiar with the facts and circumstances of the investigation through personal participation; from discussions with other agents of the Johnson City Police Department, the Western Carolina University Police Department, the Federal Bureau of Investigation, and/or other law enforcement agencies; and from review of records and reports relating to the investigation.

Filed 5 day of June 2023 at 11:09 o'clock A M
Brenda Downes, Clerk

Initials: Judge    Affiant /MR/    Date: 5/31/23

SW#_____ ENTERED
MINUTEBK _____ PAGE 1
CIR. CT. CLK

3. On November 7, 2019, a female subject filed a complaint with the Johnson City Police Department (JCPD) (Case W19013728) relating to an alleged sexual assault which was reported to have occurred in Johnson City, Tennessee on or about November 6, 2019. Within the scope of this report, the female victim stated that she had gone to the apartment of a male acquaintance who she knew only as "Sean". This apartment was described by the female victim as being on the fifth floor of a building located at 200 E. Main Street in Johnson City, Tennessee.

While at the apartment, the female stated that "Sean" offered her cocaine to which she declined but acknowledging having consumed an alcoholic beverage at the location. According to the female victim's report, she was escorted to a bedroom in the apartment and that she began feeling "extremely lethargic". The female went on to say that she "blacked out" and woke up at approximately 10:30 the next morning with no recollection of any events after being led to the bedroom. The female victim was subsequently examined at the Johnson City Medical Center where a sexual assault examination was performed.

It was known to JCPD Investigator Toma Sparks who was assigned the case that Sean Williams resided at that time in an apartment or condominium located on the fifth floor of 200 E. Main Street in Johnson City. Additionally, the physical description of the victim matched that of Sean Williams in that the victim described "Sean" as having curly hair, glasses and was tall and thin with an approximate age of 40. While Williams was approximately 48 years old at the time of this incident, his Tennessee Drivers License shows that he is 5'11", and was reported to weigh 170 lbs. Through photos of Williams observed by your affiant, it is known that Williams also has curly hair and often wears glasses.

On or about March 24, 2021, Investigator Toma Sparks of the JCPD received a report from the Tennessee Bureau of Investigation detailing the test results of evidence collected during the sexual assault examination on the victim. TBI scientists discovered a male DNA profile on the vaginal/cervical swab taken during the examination as well as underwear of the victim.

At present, Investigator Sparks is working to get a search warrant to obtain a DNA sample from Williams to compare against the male profile found in the aforementioned sexual assault evidence.

4. During the early morning hours of September 19, 2020, JCPD Officer Seth Roberts was flagged down by individuals in downtown Johnson City who alerted him to a female subject lying on the sidewalk adjacent to 200 E. Main Street. Upon arriving, Officer Roberts discovered the unresponsive body of Mikayla Evans who had severe, life-threatening injuries. Through preliminary investigative efforts, it was determined that Evans had fallen from a window in the fifth-floor apartment of Sean Williams at 200 E. Main Street. This was confirmed by a male witness, identified as Albert Watts who had accompanied Evans to Williams's apartment and gave a statement to JCPD that she fell backwards out of the window while inside of Williams's apartment.

Due to the suspicious nature of the incident, Investigator Sparks obtained a search warrant for the apartment of Williams after learning that there were surveillance cameras installed inside. Sparks,

Initials: Judge ____ Affiant ____ Date: 5/31/23

SW RICE, JUNE 23 ENTERED MINUTEBK _____ PAGE 2

Case 2:22-cv-00072-KAC-JEM  Document 56-7  Filed 01/09/24  Page 2 of 14  PageID #: 883

observed the cameras while inside of the apartment speaking with Williams. Sparks believed they could have captured relevant images of the incident relating to Evans. The search warrant included "Any electronic device capable of connecting to the camera system, including but not limited to: Cell phones, computers, tablets, and personal digital assistants".

Upon execution of the search warrant on September 19, 2020, Investigator Sparks seized the following electronic devices pursuant to the aforementioned search warrant:

- Apple Cell Phone – No Serial or IMEI Number Visible
- Apple Cell Phone – No Serial or IMEI Number Visible
- Apple Cell Phone – No Serial or IMEI Number Visible
- Samsung Galaxy Note 9 – S/N:356567090667989
- Dell Laptop – S/N: 12672512821
- Toshiba Laptop – S/N: 3D130250Q
- Apple Computer – S/N: C02D50EDJV3P
- ASUS Computer – C1PECJ009532
- Three (3) Micro SD Cards

These items were placed in evidence storage at JCPD and have remained secured at that location since taken on September 19, 2020. These items are in the condition as when taken by Investigator Sparks and have not been tampered with, viewed, downloaded, or otherwise examined.

Also located during the search warrant of Williams apartment on September 19, 2020, was a quantity of firearm ammunition. Due to Williams having a prior felony conviction, he was prohibited by federal law from owning or possessing ammunition.

One other item of evidentiary value was a handwritten list of female names on Williams's nightstand. At the top of the list was written the word "Raped". The list contained the first names of 21 females and one listed only as "no name girl". Additionally, on the list was written "anna baby".

5. Between June 2, 2020, and November 23, 2020, JCPD received at least three additional complaints of alleged sexual assaults (JCPD Cases W20006424, W22008341, W20014180). In all three complaints, the female victims reported that while at the apartment of Sean Williams they fell asleep and woke up with Williams vaginally penetrating them with his penis. All the female victims stated that they did not consent for Williams to have intercourse with them during these specific events.

6. On or about April 13, 2021, Williams was indicted by a Federal Grand Jury for the Eastern District of Tennessee stemming from the ammunition discovered during the September 19, 2020, search warrant of his apartment. A subsequent effort was made to arrest Williams; however, he fled (likely on or about September 20, 2020, after discovering the existence of the federal warrant for his arrest). Williams then became a fugitive and his whereabouts remained unknown until April 29, 2023.

Initials: Judge ___ Affiant ___ Date: 5/31/23

7. During the early morning hour of April 29, 2023, Officer Charles Gooden with the Western Carolina University Police Department (WCUPD) was checking a suspicious vehicle parked on property owned by Western Carolina in Cullowhee, North Carolina. During this incident, Officer Gooden identified the sole occupant of the vehicle as Sean Williams. It was subsequently discovered by Officer Gooden that Williams had an outstanding warrant for his arrest out of the Eastern District of Tennessee. Williams was taken into custody and subsequently, approximately 12 ounces of cocaine, 14 ounces of methamphetamine, and approximately $100,000.00 in currency were located inside of the vehicle. Also located within the vehicle were multiple electronic devices and digital storage devices including two thumb drives which were taped together and fashioned so that the USB ends were opposing and both drives could be used.

Due to the large amount of currency and narcotics present, an investigation was conducted which focused on suspected drug trafficking by Williams. During the drug trafficking investigation, a search warrant was obtained for the electronic and digital storage devices seized from Williams's vehicle. While examining the digital storage devices, the North Carolina investigators discovered photographs and videos which depicted what appeared to be sexual assaults on one of the above referenced thumb drives which was taped to another. Additionally, the investigators discovered child pornography on the device as well. The photographs and videos specifically referenced within the affidavit were located on the thumb drive.

8. Upon being made aware of the existence of the photograph images and videos recovered in North Carolina, Detective Sparks and your affiant, along with FBI Special Agent Paul Durant traveled to Western Carolina University where a meeting was held with WCUPD Chief Steven Lillard. During the meeting, Chief Lillard reviewed some of the images discovered. Within the images and videos, there were a large amount which depicted female victims (including those referenced in JCPD Police Reports W20006424, W22008341, and W19013728) being sexually assaulted while in apparent states of unconsciousness. The three reported victims which are referenced by the JCPD case numbers are clearly identifiable and have been confirmed by your affiant to be those three individuals. Your affiant has examined known photographs of the three female victims identified in the three reports. These known photographs were obtained through either social media and/or Tennessee Drivers License Photos and compared by your affiant with the three females depicted in the referenced videos. Based upon this comparison, your affiant has identified each as one in the same.

Also reviewed were several images depicting small children between the approximate ages of less than one year to eight years of age engaging in sexual acts with an adult male.

It has since been learned by your affiant through conversations with Chief Lillard your affiant has learned that the other thumb drive which was taped to the one referenced above contains in excess of 5,000 downloaded images of child pornography.

Based upon the relevance of the images to ongoing JCPD investigations, a digital copy of the contents of the thumb drive was downloaded by Chief Lillard for review by your affiant and Investigator Sparks.

Initials: Judge _____ Affiant _____ Date: 5/31/23

During the dates of May 26, 2023, through May 29, 2023, your affiant spent significant time reviewing the contents of the digital images and videos provided by Chief Lillard. This included the review of approximately 169 gigabytes of stored data which held approximately 28,713 files. During this review, your affiant sorted the files and has identified in excess of 8,000 files depicting sexually based criminal offenses.

Within these files, your affiant has identified approximately 52 female victims which are depicted in digital images or videos being sexually assaulted by Williams. These assaults all appear to occur while the female victims were in an obvious state of unconsciousness and are identifiable as having occurred at Williams apartment at 200 E. Main Street in Johnson City, Tennessee within Washington County. These images depict anal, vaginal, and oral sexual assaults by digital and/or penile penetration by a male subject. Tattoos known to belong to Williams are seen in most of these digital images or videos, positively identifying Williams as the perpetrator. The referenced tattoos include a tattoo located on the left middle finger and left forearm which have been confirmed through other photographs in which the face of Sean Williams is seen accompanied by the referenced tattoos. Additionally, in many of these videos, Williams photographs or digitally films himself performing acts on these victims in which his face is seen and clearly recognizable.

In many instances, Williams created digital file folders within the storage device that had either a first or first and last name. Within the digital file folders, Williams often put digital images and/or videos of sexual assault activity. Your affiant has been able to positively identify a significant number of victims from the name information listed on the digital file folder and then comparing the photographs of the victims within Tennessee Drivers License Photographs of the victims. It is noted that upon positively identifying some of these victims, at least half a dozen are consistent with first names listed on the "raped list" discovered during the September 19, 2020 search warrant of Williams's apartment.

In addition to the images depicting the sexual assaults, there are numerous images of child pornography. Some of these images appear to have been downloaded from online sources. Other images appear to have been taken by Williams inside of his 200 E. Main Street apartment. In at least two series of digital images, a male subject, identifiable as Williams, is seen orally penetrating a male child under the age of one year and a female child who appears to be under the age of eight.

Other digital images and videos found by your affiant within the files included a large number of photos and videos taken from an apparent covert camera inside of the bathrooms of Williams apartment at 200 E. Main Street. These images depict a significant number of females using the bathroom. It appears from review of these images that the females were unaware of being recorded.

9. Your affiant, as a trained criminal investigator and having experience with prior sexual assault-based offenses as well as through training has knowledge that sexual based offenders will often maintain images relating to their offenses. Your affiant knows this to be particularly common with offenders who download, produce, and/or trade images or videos of sexual based offenses relating to children such as child pornography or sexual acts relating to children.

Initials: Judge _____ Affiant _____ Date: 5/31/23

## Conclusion

Based upon the elements outlined in the foregoing affidavit, your affiant would assert that probable cause has been established which indicates that Sean Williams has committed acts in violation of the following laws of the State of Tennessee:

(1) TCA § 39-13-502 (Aggravated Rape)
(2) TCA § 39-13-531 (Aggravated Rape of a Child)
(3) TCA § 39-17-1003 (Sexual Exploitation of a Minor)
(4) TCA § 39-13-605 (Unlawful Photography in Violation of Privacy)

Your affiant would further assert that Williams has participated in the various sexual based offenses for an ongoing and sustained time period. In as much, your affiant believes that the likelihood of additional images being stored on other digital devices belonging to Williams to be highly likely, if not probable.

Therefore, your affiant believes that probable cause exists which draws a nexus between Williams's proclivity for committing sexual based offenses and documenting these events by digital means. Through this belief, it can be easily inferred that any device capable of recording and/or storing digital images which belong to or has belonged to Williams will likely contain stored evidence of these offenses.

Additionally, items such as cellular telephones most always contain contact lists which document names and telephone numbers. These contacts in the cellular telephones enumerated within this affidavit may be beneficial in assisting to identify victims of Williams's whose names are unknown. Furthermore, internet browser histories in items such as computers and cellular telephones will often contain historical data which can be useful in building cases against child sexual predators who search online for images of child pornography. If identified, these online searches can be beneficial in identifying other child sexual predators.

Based upon the totality of facts stated within this affidavit, your affiant requests the issuance of a search warrant for the items listed herein in furtherance of this investigation.

It is also expressly stated to the court that your affiant will likely cause the items listed to be turned over in parcel or part to agencies such as the Tennessee Bureau of Investigation (TBI) or Federal Bureau of Investigation (FBI) who employ qualified Special Agents, Technicians or Scientists for the purpose of extracting and/or analyzing the data contained within.

Initials: Judge _____ Affiant _MZ_ Date: 5/31/23

SWRICE ENTERED
MINUTEBK JUNE 23 PAGE 6
CIR. CT. CLK

## Experience and Basis of Knowledge of Affiant

Your affiant is employed by the First Judicial District Attorney General's Office as a Criminal Investigator and has held this position since August of 2022. Prior to that, your affiant served with the Carter County, Tennessee Sheriff's Office from 2007 until July of 2022. Your affiant has spent approximately thirteen years as a criminal and narcotics investigator with extensive experience in handling homicides, sexual assaults, aggravated assaults, and other major crimes. During this time, your affiant has used multiple methods of investigation to include, but not limited to crime scene assessment, collection of evidence, search warrants, subpoenas, and interviews / interrogations. Through work as a criminal investigator, your affiant has become familiar with the subject of search warrant writing and execution. Your affiant is a 2008 graduate of the Basic Law Enforcement Training Academy at Walters State Community College and has received extensive criminal investigative training to include training on sexual assault investigations, and examination of digital forensic evidence. Your affiant is also a Task Force Officer with the United States Bureau of Alcohol, Tobacco, and Firearms.

I swear the foregoing is true under penalty of perjury

Respectfully submitted,

Investigator Mike Little
First Judicial District Attorney General's Office

Sworn to and subscribed before me this 31ST day of May, 2023

Honorable Lisa Rice
Criminal Court Judge, First District

Initials: Judge _____ Affiant /ML Date: 5/31/23

SW RICE JU ENTERED
MINUTEBK _NE 23_ PAGE _7_
CIR. CT. CLK

# Search Warrant

**STATE OF TENNESSEE**
**COUNTY OF WASHINGTON**

Proof by Affidavit having been made before me by Mike Little of the First Judicial District Attorney General's Office that there is probable cause to believe that certain evidence of a crime, to wit:, Violations of State Laws as Set Forth in TCA § 39-13-502 (Aggravated Rape); TCA § 39-13-531 (Aggravated Rape of a Child); TCA § 39-17-1003 (Sexual Exploitation of a Minor); and TCA § 39-13-605 (Unlawful Photography in Violation of Privacy) will be found within multiple digital storage devices seized from Sean Williams on or about September 19, 2020 by the Johnson City Police Department and listed as follows:

- Apple Cell Phone – No Serial or IMEI Number Visible
- Apple Cell Phone – No Serial or IMEI Number Visible
- Apple Cell Phone – No Serial or IMEI Number Visible
- Samsung Galaxy Note 9 – S/N:356567090667989
- Dell Laptop – S/N: 12672512821
- Toshiba Laptop – S/N: 3D130250Q
- Apple Computer – S/N: C02D50EDJV3P
- ASUS Computer – C1PECJ009532
- Three (3) Micro SD Cards

The evidence to be searched for is as follows: See Attached "Appendix A" which details the list of evidence for which to be searched.

*YOU ARE THEREFORE COMMANDED* to make an immediate search of the listed electronic devices, and if you find the same, or any part thereof, you shall seize the evidence, bring forthwith to me, pending further orders of this Court.

I HEREBY CERTIFY THAT I HAVE DELIVERED THIS SEARCH WARRANT FOR EXECUTION TO:

INVESTIGATOR MIKE LITTLE, FIRST JUDICIAL DISTRICT ATTORNEY GENERAL'S OFFICE

ENTER this the 21st day of May 2023 at 9:08 AM/PM.

_____
Honorable Lisa Rice
Criminal Court Judge, First Judicial District

Initials: Judge ___ Affiant /ML/ Date: 5/31/23

SW RICE MINUTEBK ____ PAGE 8
CIR. CT. CLK

# APPENDIX A – ITEMS TO BE SEARCHED

Cellular Telephones:

- **stored electronic communications, contact lists, call logs, short message service (SMS) messages, multimedia messaging service (MMS) messages, rich communications services (RCS) messages, instant messages, chat messages, electronic mail messages** [which could provide investigators with information concerning ownership or usage of the cellular phone, relationships between parties, timelines of events, who the subject may have been communicating with prior to, during, or after the commission the listed offense(s)];

- **calendar events, metadata containing date and/or time stamps** [which could provide investigators with information concerning the subject's schedule and activities prior to, during, or after the commission of the listed offense(s)];

- **stored locations, metadata containing location information** [which could provide investigators with information concerning the subject's locations prior to, during, or after the commission of the listed offense(s)];

- **internet browser and search history** [which could provide investigators with information concerning the state of mind of the subject, efforts to conceal or destroy evidence, planning of the offense(s), desire to commit the offense(s), efforts to evade detection, or other information related to participation in the offense(s)];

- **third party application data** [which provides information about the phone's usage in relation to the offense(s) and aid in determining the subject's location in relation to the offense(s)];

- **media files such as images, video files, and audio files** [which could provide investigators with information concerning participation in the offense(s), documentation of the offense(s) and/or events related to the offense(s)];

- **configuration files, metadata, system files, databases, and directories** [which could provide investigators with information about the organization and properties of files or information about files which may be deleted, corrupt, or secreted by the user of the described device(s) related to the offense(s)];

Initials: Judge _____ Affiant _____ Date: 5/31/23

SWRICE ENTERED JUNE 23
MINUTEBK _____ PAGE 9
CIR. CT. CLK

- **notes, electronic documents, and records** [which could provide investigators with information concerning ownership, relationships between parties, documentation of the offense(s) and/or events related to the offense(s), or information concerning the financial activity related to the offense(s)];

- **user account information, identification numbers, user names, email addresses, access credentials, and passwords** [which could allow investigators to access encrypted, concealed, or otherwise inaccessible files contained on the device related to the offense(s)];

- **device information, to include media access control (MAC) address(es), internet protocol (IP) address(es), and identifying or serial numbers of the device(s)** [which could be used by investigators to determine the user's activity and associations related to the offense(s)];

- **device connection information and metadata, to include wireless, cellular, and Bluetooth connections made to and from the device, as well as information about connections to and from the device involving external devices and/or removable media** [which could be used by investigators to determine the user's location, patterns of activity related to the offense(s), establish relationships with other involved parties involved in the listed offense(s), or to establish additional electronic devices involved in the listed offense(s)];

Computers:

- **internet browser and search history** [which could provide investigators with information concerning the state of mind of the subject, efforts to conceal or destroy evidence, planning of the offense(s), desire to commit the offense(s), efforts to evade detection, or other information related to participation in the offense(s)];

- **third party application data** [which provides information about the phone's usage in relation to the offense(s) and aid in determining the subject's location in relation to the offense(s)];

- **media files such as images, video files, and audio files** [which could provide investigators with information concerning participation in the offense(s), documentation of the offense(s) and/or events related to the offense(s)];

- **configuration files, metadata, system files, databases, and directories** [which could provide investigators with information about the organization and properties of files or information about files which may be deleted, corrupt, or secreted by the user of the described device(s) related to the offense(s)];

Initials: Judge ___ Affiant /MZ Date: 5/31/23

SW PRICE, ENTERED JUNE 23
MINUTEBK ___ PAGE 10
CIR. CT. CLK

- **notes, electronic documents, and records** [which could provide investigators with information concerning ownership, relationships between parties, documentation of the offense(s) and/or events related to the offense(s), or information concerning the financial activity related to the offense(s)];

- **user account information, identification numbers, user names, email addresses, access credentials, and passwords** [which could allow investigators to access encrypted, concealed, or otherwise inaccessible files contained on the device related to the offense(s)];

- **device information, to include media access control (MAC) address(es), internet protocol (IP) address(es), and identifying or serial numbers of the device(s)** [which could be used by investigators to determine the user's activity and associations related to the offense(s)];

- **device connection information and metadata, to include wireless, cellular, and Bluetooth connections made to and from the device, as well as information about connections to and from the device involving external devices and/or removable media** [which could be used by investigators to determine the user's location, patterns of activity related to the offense(s), establish relationships with other involved parties involved in the listed offense(s), or to establish additional electronic devices involved in the listed offense(s)];

- **calendar events, metadata containing date and/or time stamps** [which could provide investigators with information concerning the subject's schedule and activities prior to, during, or after the commission of the listed offense(s)];

SD Cards

- Any stored digital media to include photographs, videos, and audio recordings. Also, any saved documents.

Initials: ~~Judge~~   Affiant /MJZ   Date: 5/31/23

MBSWRICE ENTERED
MINUTEBK JUNE PAGE 11
CIR. CT. CLK

# RETURN ON SEARCH WARRANT
## State of Tennessee Vs Sean Christopher Williams

**STATE OF TENNESSEE**
**COUNTY OF WASHINGTON**

Came to my hand the same day issued. Executed as commanded on this **1ST** day of **JUNE**, 2023, by searching the person(s) and premises herein described, and taking there from the following evidence:

ALL LISTED ITEMS EXCEPT THREE (3) MICRO SD CARDS GIVEN TO FBI S/A PAUL DURANT FOR PROCESSING.

This is the **1ST** day of **JUNE**, 2023.

_[signature]_
Investigator Mike Little
First Judicial District Attorney General's Office

## JUDGMENT ON WARRANT

Due and proper return having been made of the within warrant, the property seized as described in the said return shall be retained, subject to the orders of the Court of Washington County, and the within warrant, affidavit, and return shall be filed in the office of the Clerk of said Court.

Done this **5** day of **June**, 2023

_[signature]_
Honorable Lisa Rice
Criminal Court Judge, First Judicial District

Filed **5** day of **June** 20**23** at **11:09** o'clock **A** M
Brenda Downes, Clerk

Initials: Judge _[initials]_ Affiant **MBL** Date: **5/31/23**

MBSWRICE ENTERED JUNE 2 PAGE 12
MINUTEBK
CIR. CT. CLK

FD-597 (Rev. 4-13-2015)

Page 1 of 1

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property

Case ID: _____

On (date) 6-1-23 @ 11:18am

item(s) listed below were:
- [✓] Collected/Seized
- [ ] Received From
- [ ] Returned To
- [ ] Released To

(Name) Det Toma Sparks JCPD

(Street Address) JCPD

(City) _____

Description of Item(s): Items 1-4, 8-10 and 17. See Attached for Item descriptions

PAD

Received By: _____ (Signature)
Printed Name/Title: SA Paul Durant

Received From: _____ (Signature)
Printed Name/Title: Toma Sparks

# PROPERTY RECEIPT

CASE # W20011316

SUBMITTED BY: Inv. Toma Sparks
ID #: 643
MONTH: 09  DAY: 19  YEAR: 2020  TIME: 15:02

RECEIVED BY:

| | Name | Address/City | State | Phone | Social Security # | Date of Birth | Sex | Race |
|---|---|---|---|---|---|---|---|---|
| OWNER OF PROPERTY | | | | | | | | |
| VICTIM | Mikayla Evans | 1668 Houston Ave Kingsport | TN | | 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 | 06/29/88 | F | W |
| DEFENDANT | | | | | | | | |
| DEFENDANT | Sean Williams | 200 E Main St Suite 500 | TN | | 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 | 11/08/71 | M | W |
| DEFENDANT | Albert H. Watts | 1440 Marion St Kingsport | TN | | 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 | 09/21/82 | M | W |
| OTHER | | | | | | | | |

| ITEM # | Description | SERIAL # | STORAGE LOCATION | RELEASED TO | DATE |
|---|---|---|---|---|---|
| 1 | Apple cell phone in Sean Williams possession | | | | |
| 2 | Samsung Galaxy Note 9 on kitchen counter ✓ | | | | |
| 3 | Dell laptop on kitchen counter ✓ | | | | |
| 4 | Toshiba laptop found on kitchen counter ✓ | | | | |
| 5 | Arlo camera found on fridge | | | | |
| 6 | 5 Arlo cameras | | | | |
| 7 | plastic baggie with powdery white substance bedroom with pud | | | | |
| 8 | Apple cell phone | | | | |
| 9 | Apple Computer, Mouse, Keyboard ✓ | | | | |
| 10 | Asus Computer ✓ | | | | |
| 11 | Arlo station with cords | | | | |
| 12 | 3 Micro-SD cards | | | | |
| 13 | Large Liberty safe | | | | |
| 14 | Two fingerprint cards from window | | | | |

CHECKED OUT TO | BY | TIME | DATE | RETURNED BY | RECEIVED BY | TIME | DATE

CHARGES/REASON: Pending

REMARKS: WB Swrice ENTERED MINUTEBK June 23 PAGE 14 CIR. CT CLK

Disposition: ☐ Destroy  ☐ Return

Officer Signature & Date

Revised 07/25/2015