UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION
GREENEVILLE

| | |
|---|---|
| KATERI LYNNE DAHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22−cv−00072−KAC−JEM |
| | ) |
| CHIEF KARL TURNER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**Plaintiff's Motion to Compel Certain Documents from the Daigle Report File**

Plaintiff Kateri Lynne Dahl, by counsel Hugh A. Eastwood and Alexis I. Tahinci, states for her Motion to Compel Certain Documents from the Daigle Report File:

**I.      Question Presented**

(1)     May Dahl request that Johnson City produce two documents from expert Eric Daigle's file (notes concerning gender bias, and an Excel spreadsheet used by Mr. Daigle to analyze issues and themes across some 325 cases) in connection with a timely-served Request for Production and a timely-served subpoena for Mr. Daigle's testimony at a deposition that occurred December 28, 2023?

The parties by counsel have conferred extensively in good faith to attempt to resolve. The scope of the Daigle discovery dispute has been significantly whittled down. The Court has held a conference call on January 12, 2024, but the parties were unable to resolve. Given the Court's Order immediately following the call [Doc. 58], the issue is ripe for review.

## II.  Written Discovery at Issue

Plaintiff's Second Requests for Production No. 5 to Johnson City, sent May 10, 2023, states:

Please produce all documents provided by you to the Daigle Law Group, and any draft reports made to you by the Daigle Law Group. Please include any contracts and engagement communications and documents.

Johnson City's objection and response, sent June 12, 2023, was:

RESPONSE: A copy of the public document engaging the Daigle Law Group, LLC as legal counsel to conduct an investigation as defined in the contract is provided. This investigation is incomplete and ongoing. Attorney Daigle's work product and privileged communications are in his possession. [Bates Stamp Nos. 1486 - 1489].

*See attached* Exhibit 1 (Johnson City's Objections and Responses to Plaintiff's Second Request for Production No. 5).

Counsel had a meet and confer regarding this objection, and agreed to table the issue unless and until Johnson City released Mr. Daigle's work to the public.  Johnson City subsequently released the Daigle Audit to the public on July 18, 2023, and its contents were the subject of a public briefing to the City Commissioners and a public press conference by City Manager Cathy Ball.[1]

After a discovery dispute between the parties going back to August 2023, and many meet and confers in various formats, Johnson City agreed to produce Mr. Daigle for a testimonial deposition on December 28, 2023.  The subpoena served on Daigle for his testimony also

---

[1] Kayla Hackney, *Johnson City Commission hears report on Daigle audit, takes comments from public,* Johnson City Press (Jul. 20, 2023), available at https://www.johnsoncitypress.com/news/appalachian-highlands/johnson-city-commission-hears-report-on-daigle-audit-takes-comments-from-public/article_9e732434-2751-11ee-840c-ffad5588d967.html (last accessed Jan. 8, 2024); Murry Lee & Jeff Keeling, *City manager discusses JCPD sexual assault audit findings,* WJHL.com (Jul. 18, 2023), available at https://www.wjhl.com/news/local/sean-williams-case/city-manager-discusses-jcpd-sexual-assault-audit-findings/ last accessed Jan. 8, 2024).

requested production of "Your file as to your engagement by the City of Johnson City, Tenn., to perform an audit of sex related crimes." *See attached* Exhibit 2 (Subpoena to Testify at a Deposition in a Civil Action issued to Eric P. Daigle). Before his deposition, Johnson City further agreed to produce certain documents from Mr. Daigle's file, including (a) emails with Johnson City's City Attorney, (b) a red-line draft of his contract with Johnson City, (c) drafts of his report, (d) Johnson City reports by sexual assault victims of Sean Williams as reviewed by Mr. Daigle and (e) working notes from Mr. Daigle's review of said Williams victims. Johnson City designated these materials "Attorney's Eyes Only" and its counsel made a record at the deposition that it was not waiving its argument that these documents were protected by attorney-client privilege or work product privilege. On the conference call, defense counsel characterized this as a "safe harbor."

During his deposition on December 28, Mr. Daigle testified that he kept working notes from his review of sexual assault cases and entered them into an Excel spreadsheet to note and analyze patterns, practices and customs across cases. He also testified that he kept notes from his interviews of certain Johnson City police department officials; for example, former JCPD Investigator Debbie Dunn told Mr. Daigle that Captain Kevin Peters told her certain things about female sexual assault victims that led Mr. Daigle to conclude in his report that gender bias and impermissible stereotypes about female rape victims "is responsible in part for the deficiencies in JCPD's response to sexual assault." *See* Daigle Depo. at 238:20-241:13. Particularly, Mr. Daigle found:

> Women reporting sexual assault are unlikely to trust or cooperate with law enforcement, or to report future crimes if they encounter skepticism or overtly discriminatory statements from JCPD officers, investigators, or leadership. Our review of JCPD case files supports the conclusion that investigators improperly rely on a woman's sexual history in evaluating the veracity of the sexual assault report.

*See attached* Ex. 3 (Daigle Audit) at 24.

This testimony and these records concern the gravamen of plaintiff Dahl's speech here for which she alleges she was fired by Defendants as a special federal prosecutor assigned to Johnson City.

Mr. Daigle also testified that it is his practice and preference that his client (here, Johnson City) deal with any discovery disputes, and that he had provided his full file to counsel for Johnson City. *See* Daigle Depo. at 197:20-198:11 (not attached as an exhibit).

After the deposition, Dahl sought by email to obtain the following additional items from Mr. Daigle's file pursuant to her Second RFP No. 5 and the Daigle testimony subpoena:

> 1. Notes as to Captain Peters' comments to Investigator Dunn, as well as any other notes that reference comments by department leadership, supervisors, or officers that may evidence gender bias under Daigle's analysis.[2]
>
> 2. The Daigle Excel spreadsheet tool.

In response, Johnson City declined to produce those materials, and on January 5, 2024 Johnson City provided an amended response to Dahl's Second RFP No. 5:

> 5. Please produce all documents provided by you to the Daigle Law Group, and any draft reports made to you by the Daigle Law Group. Please include any contracts and engagement communications and documents.
>
> RESPONSE: A copy of the public document engaging the Daigle Law Group, LLC as legal counsel to conduct an investigation as defined in the contract is provided. [Bates Stamp Nos. 1486 - 1489].
>
> As of the date of this Amended Response, the Daigle Audit has been provided to the public and, subject to and without waiver of Defendants' objection, plaintiff's counsel have been provided a draft of the Audit as well as certain limited additional information. The City objects to providing any further notes or work product of the Daigle Law Group on the basis that the discovery of this information is not proportional to the needs of the case under circumstances where Johnson City's position is that the Daigle Audit is a subsequent remedial measure. In addition, Johnson City asserts that the notes of the Daigle Law Group are not discoverable under Federal Rule of Civil Procedure 26(b)(4). See Order Granting in Part Defendant Albany County Board of Commissioners' and Albany County John Does I-IX's Motion to Quash and Motion for Protective Order in the

---

[2] Unfortunately by the time Mr. Daigle was deposed, both Investigator Dunn and Captain Peters had already been deposed and therefore could not be questioned about this issue.

4

case of *Hinkel v. Colling,* Case 1:20-cv-00166-NDF (D.C. Wyoming 2021) at Doc. 65, Pages 1-19; *Genesco, Inc. v. Visa U.S.A., Inc.,* 302 F.R.D. 168, 189, 2014 WL 935329 (M.D. Tenn. 2014) (Consulting experts do not offer testimonial evidence during a litigation proceeding, and parties are therefore not entitled to discovery from consulting experts).

*See* Ex. 4 (Johnson City's Amended Objections and Responses to Plaintiff's Second Request For Production No. 5).

As a result of these extended attempts to meet and confer in good faith, and with the discovery deadline looming, Dahl requested a conference call with the Court pursuant to the Scheduling Order on January 8, 2024.[3] The Court held such a call today, January 12. This motion to compel now follows.

**III.** **Johnson City's original objections are withdrawn and its new "amended" objections are waived; in any event, (a) producing the information sought from Mr. Daigle's file is proportional, (b) whether or not the file is a subsequent remedial measure is irrelevant to its discoverability, and (c) Mr. Daigle cannot belatedly be deemed a "consulting expert" under Rule 26(b)(4) only after his deposition testimony**

The Federal Rules of Civil Procedure provide for broad discovery with the aim of "'full and equal mutual discovery in advance of trial' to prevent surprise and prejudice." 4 Moore Federal Practice, 26.02[2]. The federal rules create a procedure to require disclosure and eliminate surprise at trial. *Hickman v. Taylor,* 329 U.S. 495 (1947). This policy is particularly important in police misconduct cases because "enforcement is placed in the hands of the people. Each citizen 'acts as a private attorney general who takes on the mantel of the sovereign,' guarding for all of us the individual liberties enunciated in the Constitution." *Wood v. Breier,* 54 F.R.D. 7, 111 (E.D. Wis. 1972).

---

[3] Undersigned counsel Hugh Eastwood apologizes to the Court and other counsel for misspelling the email address for court staff when sending the January 8 email. Mr. Eastwood first called chambers on January 8. His error was corrected by a supplemental telephone call and email today, January 12.

Defendant Johnson City appears to have changed its theory of its objection to Dahl's Second RFP No. 5. Johnson City's original objection was based on attorney-client and work product privilege. Its amended objection makes no reference to those bases for objection. Instead, the objection has changed to proportionality, subsequent remedial measures, and "consulting expert" under Fed. R. Civ. P. 26(b)(4). Thus, Johnson City appears to have withdrawn its objection based on attorney-client and work product privilege, and asserted new bases for its objection.

Judge Wyrick of this Court has held that, where as here, the written discovery request does not change as to form, then objections must be raised at the time of initial response; otherwise, they are waived. *Mulkern v. MMAD Company, LLC,* No. 2:22-cv-94 at *4-5, n. 3 (E.D. Tenn. April 7, 2023). Accordingly, Johnson City has withdrawn its objection based on attorney-client privilege, and waived its new objections by failing to assert them in its first response to the same discovery request.

Even if the Court is to consider either the initial or new, "amended" objections on the merits, however, they still fail.

Eric Daigle was retained as an expert by Johnson City to conduct an audit of its sex crimes. Mr. Daigle is a police practices expert and a former Connecticut highway patrol officer who advertises his services as a "Law Enforcement Consultant / Legal Advisor" and for "Policy and Procedure Development."[4] Mr. Daigle happens to have a law degree, but it is not clear that he was approached by Johnson City for the purposes of obtaining privileged and confidential legal advice. Even if he was, however, any such privilege was waived by Johnson City's

---

[4] Mr. Daigle's website is available at https://daiglelawgroup.com/services/ (last accessed Dec. 6, 2023).

decision to release the Daigle Report to the public. *In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289, 294 (6th Cir. 2002). Where the client discloses confidential attorney-client communications, the privilege is waived as to <u>all privileged communications on the same subject matter</u>. *Anderson v. Clarksville Montgomery Cnty Sch. Bd.*, 229 F.R.D. 546 (M.D. Tenn. 2005); *Edwards v. Whitaker,* 868 F. Supp. 226, 229 (M.D. Tenn. 1994).

Defendants during the conference call, as well as in their amended objection, appear to argue that the attorney-client privilege extends to counsel's communications with agents and experts. *Genesco, Inc. v. Visa U.S.A., Inc.,* 302 F.R.D. 168, 190 (M.D. Tenn. 2014). What they don't acknowledge, however, is that the privilege can be waived under the circumstances. And, Judge McDonough of this Court has already settled the privilege issue in *Doe v. Hamilton Cnty. Bd. of Educ.,* No. 1:16-cv-373 at *2 (E.D. Tenn. Jan. 12, 2018). In *Hamilton County*, Judge McDonough denied that attorney-client privilege or work product privilege applied to a school board that released a public report prepared by an attorney. *Id.*[5]

The Court has already noted that Defendants have withdrawn their opposition to deposing Mr. Daigle, Memorandum and Order at n. 2 [Doc. 55], and the Court has already held that "it

---

[5] Dahl anticipates that Defendants here will attempt to distinguish *Hamilton County* by stating that there the defendants waived work product privilege by publicly stating an intention to rely on the report in litigation. *Id.* at 8-9. But Johnson City publicly denied that the Daigle Audit was prepared in anticipation of litigation at the time it hired Mr. Daigle. "I can see how our community could be very confused," [Johnson City City Manager Cathy] Ball said of the potential for conflating the Dahl lawsuit with the external review. "In our response, we say of the cases around Mr. Voe, those have been reviewed by our attorney (and found to have been handled properly)." Jeff Keeling, *Johnson City Files 'Voe' Federal Lawsuit Response,* WJHL (Aug. 26, 2022), available at https://www.wjhl.com/news/local/city-files-voe-lawsuit-response (last accessed Nov. 6, 2023). Only now in their "amended objection," filed after the Daigle deposition, have Defendants designated Mr. Daigle to be a "consulting expert" under Fed. R. Civ. P. 26(b)(4).

7

will be in a better position to address the admissibility of [Daigle-related evidence], if Plaintiff discloses the Daigle Audit and any testimony referencing it in her pretrial disclosures and after discovery has closed." *Id.* at 7.

Although Dahl has timely designated Mr. Daigle as a non-retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(C), Johnson City did not designate Mr. Daigle as a "consulting expert" in this litigation until over a week *after* Mr. Daigle's December 28, 2023 deposition, and *two-and-a-half months after* the defense expert designation deadline of October 17, 2023 in the Scheduling Order. Therefore, the protections of Fed. R. Civ. P. 26(b)(4)(B) and (C) do not apply. *See also Hamilton County,* No. 1:16-cv-373 at *2.

Further, after it publicly released the Daigle Audit and then shared portions of Mr. Daigle's file with Dahl subject to its claimed non-waiver of privilege, Johnson City effectively waived the attorney-client privilege as to the entire scope of the investigation performed by Mr. Daigle, and all materials, communications, and information provided to Mr. Daigle as part of his investigation. Once a party has willingly disclosed privileged material to the opposing party or any third party, the privilege is waived. Johnson City cannot selectively waive the privilege as to certain documents while attempting to preserve the privilege as to other documents covering the same subject matter.

Dahl further suggests that the discovery sought is proportional, particularly since Defendants otherwise permitted Mr. Daigle to testify at deposition (with lengthy questioning by both parties for well over the seven hours contemplated by Fed. R. Civ. P. 30(d)(1)). Dahl seeks only a limited number of documents that are already in Johnson City's possession and should not require any burdensome review. Defendants have not shown that the discovery is disproportional under Fed. R. Civ. P. 26(b)(1), as is their burden.

8

Finally, Defendants' cited Wyoming district court case is distinguishable since here Dahl timely designated Mr. Daigle as a non-retained expert, and Defendants here did not designate Mr. Daigle as a "consulting expert" until after his deposition and only then in an amended objection. *Cf. Hinkel v. Colling,* No. 20-CV-166-NDF (D. Wyo. Apr. 9, 2021). That Wyoming court relied heavily in its ruling on the fact that the expert there would not be providing testimony, but here, Dahl anticipates that Mr. Daigle will be called to testify at the trial of this matter, and this was known to all parties months before Mr. Daigle was deposed.

Further, the information sought by Dahl is admissible under Fed. R. Evid. 803(8)(iii) as the Daigle Audit has been adopted by Johnson City as a government report making factual findings. This is particularly true where Johnson City's notice or knowledge of a pattern of sexual assault allegations is at issue. *See Biegas v. Quickway Carriers, Inc.,* 573 F.3d 365, 379 (6th Cir. 2009) (notice or knowledge is a non-hearsay use for out-of-court statements). To the extent that City Manager Ball's public comments indicated that the Sean Williams sex cases were "handled properly," n. 1 *supra*, then Ms. Dahl must have the opportunity to discover evidence in derogation of that conclusion through the record that formed the basis for the Daigle Audit. *See, e.g., Gentile v. County of Suffolk,* 926 F.2d 142, 150 (2d Cir. 1991); *Montiel v. City of Los Angeles,* 2 F.3d 335, 341 (9th Cir. 1993).

IV.  Attorney's Fees

In seeking to obstruct discovery on the Daigle file, Defendants have forced Dahl to file this motion to compel. Dahl certifies that she has met and conferred in good faith with Defendants multiple times, and participated in a conference call with the Court pursuant to Section 4(g) of the Scheduling Order. Thus Dahl appears to have perfected the Court's requirements to bring such a motion.

9

If the Court grants the motion, or if the disclosure or discovery is provided after the motion was filed, the court <u>must</u> issue an award of the reasonable expenses incurred in making the motion, including attorney's fees, unless the movant failed to confer in good faith before filing the motion, the opposing party's objection was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5); *see EEOC v. Tepro, Inc.,* 38 F. Supp. 3d 883, 886 (E.D. Tenn. 2014).

Dahl hereby moves the Court for her attorney's fees in bringing this motion to compel, and seeks leave to submit a supplemental time and billing record if her motion is granted. Defendants' objections are not substantially justified. No circumstances make an award of expenses unjust. And, the language of Rule 37(a)(5) is mandatory.

V. <u>Conclusion</u>

Defendants' objections to producing certain documents from the Daigle file are waived, and further are unsupported by controlling case law.

WHEREFORE Plaintiff Kateri Lynne Dahl prays the Court GRANT Plaintiff's Motion to Compel Certain Documents from the Daigle File; and to grant such other relief as may be just, meet and reasonable.

Dated: January 12, 2024  Respectfully submitted,

Counsel for Plaintiff Kateri Lynne Dahl

<u>/s/ Hugh A. Eastwood</u>
Hugh A. Eastwood, E.D. Mo. Bar No. 62058MO,
*admitted pro hac vice pursuant to L.R. 83.5(b)(1)*
Attorney at Law
7911 Forsyth Blvd., Ste. 300
St. Louis, Missouri 63105-3825
hugh@eastwoodlawstl.com
(314) 809 2343
(314) 228 0107 eFax

/s/ Alexis I. Tahinci
Alexis I. Tahinci, TN BPR No. 031808
Tahinci Law Firm PLLC
105 Ford Ave., Suite 3
Kingsport, TN 37663
(423) 840-1350
(423) 815-1728 eFax
alexis@tahincilaw.com

**Certificate of Service**

The undersigned certifies that on January 12, 2024 that (s)he filed this document with the Clerk to be served by operation of the Court's CM/ECF system upon all counsel of record.

*/s/ Hugh A. Eastwood, 62058MO, pro hac vice*