UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| KATERI LYNNE DAHL, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:22−cv−00072−KAC−JEM |
| CHIEF KARL TURNER, *et al.,* | ) ) ) | |
| Defendants. | ) | |

**JOHNSON CITY'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

OBJECTIONS TO DEFINITIONS

These discovery requests have been propounded to Johnson City, a municipal entity under Tennessee law. However, the Plaintiff purports to define the corporate entity of Johnson City as including former employees, attorneys, and other persons who are not the municipality. For example:

> "You," "your," "yourself," "yours," and "City" shall mean and include the named Defendant City of Johnson City, Tennessee, in all capacities, as well as its agents, representatives, attorneys, and each person acting or purporting to act on its behalf.

What the Plaintiff appears to be doing is attempting to conflate what she believes is Johnson City's obligation to search for information with the unilateral definition provided to this Defendant.

Therefore, Johnson City objects to the five (5) pages of overly broad instructions and definitions and will only answer – consistent with its obligations under the Federal Rules of Civil Procedure – for the municipality of Johnson City using the definitions and instructions as commonly understood, not those sought to be inserted and expanded by the Plaintiff.

## Second Requests for Production

1. Please produce copies of all files from the past five years related to reports of sexual assault made to you by any person, whether or not sustained; copies of all investigative documents created in connection with all such complaints (whether written or oral); and copies of all documents showing the disposition of all such reports and investigations. For excluded information, please produce a privilege log or provide a redacted copy consistent with the Protective Order.

**RESPONSE: OBJECTION. This Request would require the retrieval and review by counsel of more than two hundred (200) criminal investigative files, some of which are open investigations. It is estimated that this Request would consist of more than 15,000 pages of documents and an undeterminable number of recorded and/or video statements, photographs, toxicology reports, and rape kit medical information. Information regarding sexual assaults is, by definition, highly sensitive information. The Plaintiff's claim is a First Amendment retaliation claim. She alleges that her contract was not renewed in retaliation for her reporting alleged corruption or alleged plain incompetence that she allegedly witnessed during her tenure as a Special Assistant United States Attorney. Based on her claim, this request for production is of little relevance and is not proportional to the needs of the case. The information sought, in large measure, lacks admissibility into evidence in the case at bar and lacks important or significant value in resolving the dispute of the parties. The burden and expense of providing the requested discovery outweighs any likely benefit. Plaintiff is effectively on a fishing expedition in hopes of developing a meritorious claim and in the process of doing so is inflicting an undue burden on the Defendant. Without waiving the objection, the Defendant responds that the statistical data to be derived from the discovery request is readily publicly available from Tennessee's Bureau of Investigations,**

"TBI Annual Report(s)" to which all law enforcement agencies in Tennessee report criminal case information. Law enforcement agency statistics include forceable rapes and fondling. It also includes the law enforcement agency's disposition of the reported criminal complaints. *See,* https://www.tn.gov/tbi/divisions/cjis-division/recent-publications.html. In addition, a local comparative analysis of crime in Upper East Tennessee is available: https://www.wjhl.com/news/local/tbi-heres-what-crime-looks-like-in-your-city-town/

2. Please produce copies of all complaints and reports where "Robert Voe" was identified as a victim, witness, or suspect, whether or not sustained; copies of all investigative documents created in connection with all such complaints (whether written or oral); and copies of all documents showing the disposition of all such complaints, reports and investigations. (Plaintiff acknowledges your responses to her First Requests for Production Nos. 4 and 5 to you.) For excluded information, please produce a privilege log or provide a redacted copy consistent with the Protective Order.

**RESPONSE: Provided. [Bates Stamp Nos. 1459 - 1485].**

3. Please produce copies of all communications between "Robert Voe" and you.
**RESPONSE: None.**

4. Please produce copies of all communications between "Jane Doe 14" and you.
**RESPONSE: No communications have been found between a Johnson City official and Alunda Rutherford.**

5. Please produce all documents provided by you to the Daigle Law Group, and any draft reports made to you by the Daigle Law Group. Please include any contracts and engagement communications and documents.

**RESPONSE: A copy of the public document engaging the Daigle Law Group, LLC as legal counsel to conduct an investigation as defined in the contract is provided. This investigation is incomplete and ongoing. Attorney Daigle's work product and privileged communications are in his possession. [Bates Stamp Nos. 1486 - 1489].**

6. Please produce all documents related to your decision-making process around the early retirement of Chief Karl Turner. Please include any written communications.

**RESPONSE: OBJECTION. The retirement of Chief Turner is not properly classified as an "early retirement." Twenty-two (22) eligible City employees participated in the program. Documents outlining the voluntary retirement incentive offer extended to all City employees eligible for full retirement based on years of service is provided. [Bates Stamp Nos 1490 - 1492]. The completed standard retirement agreement with Chief Turner is provided. [Bates Stamp Nos 1493 - 1498].**

7. Please produce all documents related to your decisionmaking process around the early retirement of Captain Kevin Peters. Please include any written communications.

**RESPONSE: OBJECTION. The retirement of Captain Peters is not properly classified as an "early retirement", he was one of twenty-two (22) City employees eligible for and participating in the voluntary retirement incentive program. Documentation outlining the retirement incentive extended to all City employees eligible for full retirement based on**

4

Case 2:22-cv-00072-KAC-JEM   Document 59-1   Filed 01/12/24   Page 4 of 7   PageID #: 924

**years of service has been provided. [Bates Stamp Nos 1490 - 1492]. The completed retirement agreement with Captain Peters is provided. [Bates Stamp Nos 1499 -1504].**

8. Please produce all documents related to your policies governing the use of, and preservation of, text messages on phones used to conduct City business.

**RESPONSE: Cell phone policy provided. [Bates Stamp No. 1505 -1508].**

9. Please produce all text messages on phones used to conduct City business related to the investigation and/or seizure of Robert Voe. (Plaintiff acknowledges the existing production by you responsive to her First Requests for Production No. 14 to you.)

**RESPONSE: This responding Defendant does not have the capability to retrieve text messages from City issued cell phones nor to an employee's private cell phone. Without waving any further attorney/client work-product privilege, text messages obtained by defense counsel responsive to the request from the private cell phones of Officers Sparks, Saulsbury, Stillwagon and Jaynes are provided.**

- **Toma Sparks, Bates Stamp Nos 1659 - 1663;**
- **Will Saulsbury, Bates Stamp Nos 1538 - 1658;**
- **Kirt Stillwagon, Bates Stamp Nos 1510 - 1537;**
- **Joe Jaynes, Bates Stamp Nos 1664 - 1697.**

10. Please produce all text messages on phones used to conduct City business related to (a) the job performance of Plaintiff and/or (b) the decisionmaking process around the non-renewal of Plaintiff's employment under the MOU.

**RESPONSE:** This responding Defendant does not have the capability to retrieve text messages from City issued cell phones nor to an employee's private cell phone. Without waving any further attorney/client work-product privilege text messages obtained by defense counsel from the private cell phones of Officers Sparks, Saulsbury, Stillwagon and Jaynes are provided.

- **Toma Sparks, Bates Stamp Nos 1659 - 1663;**
- **Will Saulsbury, Bates Stamp Nos 1538 - 1658;**
- **Kirt Stillwagon, Bates Stamp Nos 1510 - 1537;**
- **Joe Jaynes, Bates Stamp Nos 1664 - 1697.**

11. Please produce all documents from the past five years where you disciplined an employee, agent or contractor for misconduct related to domestic violence, sexual violence, cocaine use, or harassment.

**RESPONSE: OBJECTION.** This Request is of no relevance to the Plaintiff's Complaint and will not result in admissible evidence. Without waiving the objection: *See,* memo issued by Major Brian Rice regarding a complaint of domestic violence against Officer David Smith. [Bates Stamp No. 1509]. *See also,* https://www.johnsoncitypress.com/news/crime/johnson-city-police-officer-arrested-on-domestic-violence-charge/article_dc441834-3452-11ec-8797-53751854b2c2.html
The case filed against Officer Smith was dismissed and expunged on November 23, 2021.

12. Please provide a privilege log for everything otherwise responsive which you have withheld based on privilege, except as otherwise responded to above.

**RESPONSE:** No log provided.

6

Case 2:22-cv-00072-KAC-JEM   Document 59-1   Filed 01/12/24   Page 6 of 7   PageID #: 926

Respectfully submitted,

*s/K. Erickson Herrin*
K. Erickson Herrin, BPR # 012110
**HERRIN, McPEAK & ASSOCIATES**
515 East Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
Phone: (423) 929-7113
Fax: (423) 929-7114
Email: lisa@hbm-lawfirm.com

*Counsel to Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2023, a copy of the foregoing *Johnson City's Responses to Plaintiff's Second Request for Production of Documents* were served upon counsel for the plaintiffs by electronic mail to:

Hugh Eastwood - heastwood@eastwoodlawstl.com
Alexis Tahinci - alexis@tahincilaw.com

*s/K. Erickson Herrin*
K. Erickson Herrin, BPR # 012110
**HERRIN, McPEAK & ASSOCIATES**