UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

KATERI LYNEE DAHL,                    ]
                                      ]
        Plaintiff,                    ]
                                      ]
v.                                    ]        No.   2:22-cv-00072-KAC-CRW
                                      ]
CHIEF KARL TURNER, and                ]
CITY OF JOHNSON CITY, TENNESSEE,      ]
                                      ]
        Defendants.                   ]

**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND FOR SUMMARY
JUDGMENT ON BEHALF OF KARL TURNER, IN HIS INDIVIDUAL CAPACITY**

Comes the defendant, Karl Turner ("Turner"), pursuant to Federal Rules of Civil Procedure

12(c) and 56, and moves for partial judgment on the pleadings and for summary judgment as

follows:

1.   With respect to the First Amendment retaliation claim, Turner is entitled to summary

judgment based on the first and/or second prongs of the qualified immunity test because he did not

know that Kateri Dahl ("Dahl") had allegedly engaged in protected activity at the time that he

made the recommendation to not renew her contract.

2.   With respect to the First Amendment retaliation claim, Turner is entitled to summary

judgment based on the "same action defense" in that there was a legitimate, non-retaliatory reason

for recommending that Dahl's contract not be renewed.

3.   With respect to the Fourteenth Amendment Procedural Due Process claim based on an

alleged property interest, if this Court determines that Dahl's Tennessee Public Protection Act

("TPPA") claim against Johnson City fails as a matter of law, then Turner is entitled to summary

judgment because Dahl's argument is that she possessed a property interest in her employment

1

based on the alleged TPPA violation.

4.   With respect to the Fourteenth Amendment Procedural Due Process claim based on an alleged property interest, Turner is entitled to summary judgment on one or more of the following grounds:

      a.   that is no proof that Dahl refused to remain silent about or participate in "illegal activities" as that term is defined in the TPPA.

      b.   there is no proof that Turner knew that Dahl allegedly refused to remain silent about or participate in "illegal activities" as that term is defined in the TPPA.

      c.   under the second prong of the qualified immunity test, Dahl cannot prove that every reasonable police chief would have known that she was an "employee" so as to come under the TPPA.

      d.   under the second prong of the qualified immunity test, Dahl cannot prove that every reasonable police chief would have known that a person who can assert a claim under the TPPA has a property interest under the Fourteenth Amendment.

5.   It is unclear if Dahl is also asserting a Fourteenth Amendment Procedural Due Process claim based upon an alleged liberty interest. If Dahl is asserting such a claim, Turner is entitled to summary judgment under the first and/or second prongs of the qualified immunity test because he did not voluntarily publish any stigmatizing statements and Dahl never requested a hearing, much less a name-clearing hearing.

6.   With respect to the Fourteenth Amendment Substantive Due Process claim, Turner is entitled to judgment on the pleadings under Federal Rule of Civil Procedure 12(c) because this "generalized" claim is premised upon the same facts as his First Amendment retaliation claim.

7.   Alternatively, with respect to the Fourteenth Amendment Substantive Due Process claim, Turner is entitled to summary judgment under the first and/or second prongs of the qualified immunity test for the same reasons he is entitled to summary judgment as to the First Amendment

retaliation claim.

In support of his Motion for Summary Judgment, Turner is filing the following Exhibits: (1) Declaration of Karl Turner (2) Declaration of Sunny Sandos, (3) Declaration of Denis "Pete" Peterson, (4) Excerpts from the deposition of Kateri Dahl, (5) Excerpts from the deposition of Assistant United States Attorney Wayne Taylor, (6) Excerpts from the deposition of Kevin Peters, (7) Excerpts from the deposition of Denis "Pete" Peterson, (8) Excerpts from the deposition of Sunny Sandos, (9) Transcript of December 8, 2020 meeting with Chief Turner, Captain Peters, and Ms. Dahl, (10) Recording of December 8, 2020 meeting (being manually filed by Johnson City with a request that it be filed under seal), (11) Transcript of May 19, 2021 meeting with Chief Turner, Captain Peters, and Ms. Dahl, and (12) Recording of May 19, 2021 meeting (being manually filed by Johnson City with a request that it be filed under seal). In addition, a *Memorandum Brief* is filed in support of the dispositive motion.

Respectfully submitted,

*s/K. Erickson Herrin*
K. Erickson Herrin, BPR # 012110
**HERRIN, McPEAK & ASSOCIATES**
P. O. Box 629
Johnson City, TN   37605-0629
Phone: (423) 929-7113
Email: lisa@hbm-lawfirm.com

*s/ Thomas J. Garland, Jr.*
Thomas J. Garland, Jr., BPR # 011495
**MILLIGAN & COLEMAN PLLP**
P.O. Box 1060
Greeneville, TN   37744-1060
Phone: (423) 639-6811
Email: tgarland@milligancoleman.com

*s/ Emily C. Taylor*
Emily C. Taylor, BPR # 27157
**WATSON, ROACH, BATSON &
LAUDERBACK, P.L.C.**
P.O. Box 131
Knoxville, TN   37901-0131
Phone: (865) 637-1700
Email: etaylor@watsonroach.com

Attorneys for Defendants, City of Johnson City, Tennessee, and Karl Turner, in his individual capacity

3