UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | |
|---|---|
| KATERI LYNEE DAHL, | ] |
| Plaintiff, | ] |
| v. | ] No. 2:22-cv-00072-KAC-CRW |
| | ] JURY DEMAND |
| CHIEF KARL TURNER, OFFICER JOHN DOES 1 THROUGH 3, and CITY OF JOHNSON CITY, TENNESSEE, | ] |
| Defendants. | ] |

## DECLARATION OF SUNNY SANDOS

Comes Sunny Sandos and declares as follows:

1. My name is Sunny Sandos. I am over 18 years of age and I am competent to make this Declaration. I am a citizen and resident of Washington County, Tennessee. This Declaration is based upon my personal knowledge. I am one of the custodians of the records that I have made exhibits to my declaration.

2. I am an attorney licensed to practice law in the State of Tennessee. In 2019, I became employed as Staff Attorney for the City of Johnson City, Tennessee ("Johnson City") In 2020, I was appointed as City Attorney for Johnson City.

3. In 2021, Attorney Kateri Dahl was a Special Assistant United States Attorney ("SAUSA") pursuant to a Memorandum of Understanding ("MOU") wherein her primary responsibility was to assist the Johnson City Police Department ("JCPD") in prosecuting federal crimes. Parties to the MOU included the United States Attorney's Office, the District Attorney's Office for the First Judicial District, Washington County, and Johnson City. Her employment as a SAUSA began in September 2019, was renewed for one year effective July 1, 2020, and would have been up for renewal again effective July 1, 2021. Attached as Exhibit A is a true and accurate

copy of the MOU contract that was renewed for one year effective July 1, 2020.

4. Sometime in June of 2021, Police Chief Karl Turner asked me whether it would be possible for the City to terminate Ms. Dahl's contract after a few months (assuming it renewed for another year effective July 1, 2021).

5. My understanding from Chief Turner was that he had concerns about Ms. Dahl's job performance and he wanted to know if the City had the option to terminate the contract early if her performance did not improve.

6. I advised Chief Turner that it would be easier to simply not renew the MOU as opposed to renewing the MOU effective July 1, 2021 and then attempting to terminate that one-year contract early.

7. While Chief Turner had the power to recommend that Ms. Dahl's contract not be renewed, the power to decide whether to seek the renewal from the City Commission resided with City Manager Pete Peterson.

8. Chief Turner followed my advice and recommended to City Manager Peterson that Ms. Dahl's contract not be renewed. Once City Manager Peterson decided to follow Chief Turner's recommendation, I drafted a letter to be sent to Ms. Dahl from Chief Turner advising her of the decision not to renew. Even though Chief Turner was not the final decision-maker, I drafted the letter for his signature since he was the head of the Police Department and Ms. Dahl's work was with members of the Police Department.

9. In my email to Chief Turner sending him a draft of the letter, I advised him that I did not think it was necessary to consult with the other parties to the MOU about the decision to not seek renewal of the MOU since Ms. Dahl was primarily tasked with assisting the JCPD. A true and accurate copy of my June 24, 2021 email and that draft letter is attached as Exhibit B to my

2

declaration. A true and accurate copy of the June 24, 2021 letter actually sent to Ms. Dahl is Exhibit C.

10. A few days later I was asked to draft a contract that would allow Ms. Dahl to work for one additional month for the purpose of transitioning her files to other Assistant United States Attorneys. I drafted the contract for the signatures of City Manager Peterson, Police Chief Turner, and Ms. Dahl. Pursuant to this contract, Johnson City agreed to be solely responsible for her compensation for that month, which was $7,250.00. A copy of the executed contract that I drafted is Exhibit D to my declaration.

11. The one-month contract with the City (so as to allow time to transfer files) was different from the MOU, which was a multi-agency agreement with the United States Attorney's Office pursuant to a federal grant that could only be extended for a term "of no less than twelve months per extension." *See Exhibit A at page 3.*

12. At no time prior to the non-renewal of Ms. Dahl's contract was I aware of any allegations of corruption in the Johnson City Police Department.

13. At no time prior to the non-renewal of Ms. Dahl's contract was I aware that she had reported any concerns about the JCPD to any official at the Federal Bureau of Investigation ("FBI"), the United States Attorney's Office or any other person (including any person at Johnson City or any other entity or government agency).

14. In fact, at no time prior to the non-renewal of Ms. Dahl's contract was I aware that she had any concerns about the JCPD.

15. At no time prior to the non-renewal of Ms. Dahl's contract did I have any knowledge that Ms. Dahl was refusing to participate in or remain silent about "illegal activities." Consistent therewith, I had no knowledge of Ms. Dahl reporting any alleged illegal activities to any person,

3

entity or government agency.

16. I am defining the term "illegal activities" exactly how that term is defined in Tennessee's Public Protection Act:

> (3) "Illegal activities":
>
> > (A) Means activities that are in violation of the criminal or civil code of this state or the United States or any regulation intended to protect the public health, safety, or welfare; and
> >
> > (B) Does not include activities prohibited under title 4, chapter 21, § 8-50-103, or federal laws prohibiting discrimination in employment.

*See Tennessee Code Annotated § 50-1-304(a).*

17. In addition to having no knowledge of Ms. Dahl refusing to participate in or remain silent about "illegal activities" up to the point in time of the decision to not renew her contract, I also had no knowledge of any illegal activities in the JCPD or the City government of Johnson City during that same time period.

Pursuant to 28 U.S.C. § 1746, I, Sunny Sandos, certify under penalty of perjury that the foregoing is true and correct. Executed January 12, 2024.

*Sunny R Sandos*
SUNNY SANDOS

4

Case 2:22-cv-00072-KAC-JEM   Document 61-2   Filed 01/16/24   Page 4 of 14   PageID #: 1013

## MEMORANDUM OF UNDERSTANDING AMONG
## UNITED STATES ATTORNEY'S OFFICE AND STATE/LOCAL GOVERNMENT

I. Nature of this Memorandum of Understanding (MOU)

\_\_\_\_ New MOU      \_\_\_\_ Modification of Previous MOU
  X\_\_ Extension of Previous MOU

II. Purpose

The purpose of this agreement is to detail Kateri Dahl of the State of Tennessee to the United States Attorney's Office for the Eastern District of Tennessee, pursuant to the Intergovernmental Personnel Act, 5 U.S.C. § 3371 et seq.

This MOU shall govern the assignment of Kateri Dahl and no other conditions, oral or written, will affect this IPA detail unless this MOU is modified through an amendment signed by the parties and the detailee(s).

This MOU promotes legitimate federal and state interests. This agreement is not based on personal or political relationships or considerations, considerations of salary/compensation, or the availability or unavailability of positions in the respective offices. The State and the USAO have the affirmative responsibility to ensure that the detailed employee(s) is performing functions within the scope of this MOU.

III. Federal and/or State Interest

The agreement described in this MOU has been reached to further the following interest.

Assistant District Attorney Kateri Dahl is being detailed by District Attorney Ken Baldwin to the USAO to act as a Special Assistant U.S. Attorney to assist the city of Johnson City in its continuing efforts in the Project Safe Neighborhoods program and the Targeted Community Crime Reduction Project (TCCRP), funded by the Department of Justice. Special Assistant U.S. Attorney Dahl will work with the Johnson City Police Department, the First Judicial District Attorney's Office, and the First Judicial District Drug Task Force under the guidance of the United States Attorney's Office in identifying investigations best prosecuted in federal district court. In doing so, the federal prosecution guidelines will be considered and the Project Safe Neighborhoods program goal of reducing violent crime on the street, and the TCCRP goals of eliminating not only the violent criminals but the drug traffickers who are contributing to violent crime and other crimes in the area, will be better met. Sentences imposed in federal district court are nonparolable and many of the firearms and drug trafficking violations result in sanctions which are much more serious in federal court and include minimum mandatory sentences. Further, individuals whom the Court determines are a danger to the community or are at a risk to flee the jurisdiction are routinely not granted bond in federal court, and therefore, will reduce the recidivism of those on bond committing additional crime.

Assistant District Attorney Kateri Dahl will work with the Johnson City Police Department, District Attorney General Ken Baldwin and his office, as well as other federal and state law enforcement officials to identify and prosecute criminal cases in U.S. District Court in Greeneville. While Special Assistant U.S. Attorney Dahl can prosecute any type of criminal case, the primary focus of her position will be violations of Title 18, United States Code, § 922, possession of firearms by prohibited persons including convicted felons, illegal aliens, and other prohibited individuals who endanger the community by their possession of firearms; Title 18, United States Code, § 924(c), use of a firearm in relation to a drug trafficking or violent crime; violent crimes prosecutable under federal law including Title 18, United States Code, § 2118(a), pharmacy robbery; Title 18, United States Code, § 1951, robbery of a business involved in interstate commerce; Title 18, United States Code, § 2113, bank robbery; and all violations of Title 21, involving illegal trafficking of controlled substances. The position will also be involved in the identification and prosecution of criminals who qualify under the Armed Career Criminal enhancement under Title 18, United States Code, § 924(e).

Transferring these types of cases to the federal court will not only help the District Attorney's Office, but also the Johnson City Police Department and other law enforcement agencies focusing on these types of crimes. Special Assistant U.S. Attorney Dahl will actively work with other Assistant U.S. Attorneys assigned to the Greeneville and Johnson City offices and with the Assistant District Attorneys in the First Judicial District in the areas of violent crime, organized crime, and drug trafficking.

IV. Conduct

In addition to remaining subject to the state standards, policies, and procedures, Assistant District Attorney Kateri Dahl, for the duration of the detail, shall also be subject to the USAO's and the Department's standards of conduct, policies, and procedures, including the Standards of Ethical Conduct for Employees of the Executive Branch, 5 C.F.R. § 2635 et seq., Federal conflict of interest laws 18 U.S.C. §§ 207, 208, and 209; laws restricting the disclosure of certain confidential governmental information, 18 U.S.C. § 1905 and the Freedom of Information and Privacy Acts, 5 U.S.C. § 552 and § 522a; and political activity restrictions, 5 U.S.C. § 7321 et seq.

V. Duties

Assistant District Attorney Kateri Dahl shall perform the following duties and functions for the duration of this detail: 1) She will work with the Johnson City Police Department to identify cases which are appropriate for federal prosecution to satisfy the state and federal interest outlined in paragraph III. 2) Coordinate the identification of these cases with District Attorney General Ken Baldwin. 3) When appropriate, prepare a prosecution memorandum to be submitted to Supervisory Assistant U.S. Attorney Wayne Taylor outlining the prosecution details to ensure the case complies with the prosecution guidelines established for the district. 4) Present these cases to the federal grand jury along with other Assistant U.S. Attorneys. 5) Prosecute the case in compliance with the procedures specified in the U.S. Attorney's Manual, the local rules of court, and the procedures established for the U.S. Attorney's Office for the Eastern District of Tennessee. In addition to the prosecution of criminal defendants, SAUSA Dahl will be actively involved in furthering the training of the Johnson City Police Department as well as other law enforcement agencies working in the Johnson City area. 6) When appropriate, working with community groups involved with the Project Safe Neighborhoods and TCCRP programs in Johnson City to effectively incorporate

2

the prosecution aspect of these programs with the other goals of training, outreach, and deterrence. In no event shall Assistant District Attorney Kateri Dahl perform a function, or be assigned a duty, that does not further the state interest described in Section III.

VI.  Term of Assignment and Service Agreement

This MOU and the detail will be for a term as of July 1, 2020 and ending June 30, 2021. With the concurrence of the parties, this MOU, as expressed in a written amendment, may be extended for additional terms of no less than twelve months per extension.

VII.  Employee Evaluation

The USAO shall provide to the State information about the performance of Assistant District Attorney Kateri Dahl as the State requests.

VIII.  Expenses and Training

Special Assistant, U.S. Attorney Kateri Dahl shall be compensated by the District Attorney's Office through arrangements made to dispense the funds provided by the City of Johnson City. Washington County has agreed to administer the funds provided by the City of Johnson City for the office of the District Attorney. In the event any party withdraws from the participation in this agreement, Washington County shall within (30) days, return to Johnson City, free of charge, all unused funds. Washington County agrees to accept $87,000.00 from Johnson City in the form of a check payable to its order. Johnson City agrees to provide $87,000.00 and no more, unless all parties to this memorandum of understanding agree to the terms of a written amendment extending this agreement or establishing additional terms. Washington County agrees to place money that it receives from Johnson City in a fund for payment to the Special Assistant United States Attorney. Kateri Dahl understands that she will be paid monthly or bi-monthly at a rate that equals $87,000.00 per year. Kateri Dahl shall be considered an independent contractor by Washington County. Washington County shall issue a 1099 for all monies paid to Kateri Dahl. Kateri Dahl shall be responsible for payment of any and all taxes including, but not limited to, Federal and State income tax, FICA/Social Security and Medicare. Kateri Dahl understands that she shall not receive any state or county benefits. Any training and travel expenses that are incurred which relate to the functions she performs for the USAO pursuant to this MOU and specifically Section V., shall be borne by the USAO. In addition, the USAO agrees to provide office space at the U.S. Attorney's Office and to provide equipment needed to perform the job tasks including computers, access to legal databases, and other technical requirements. The USAO will also be responsible for the training expenses related to the performance of this function.

IX.  Leave, Time and Attendance, and Holidays

Special Assistant U.S. Attorney Kateri Dahl shall maintain her time and attendance records as required by the District Attorney's Office and the USAO agrees to report any daily attendance of the employee as required by the District Attorney's Office. The detailed employee shall be entitled to the federal holidays recognized by other employees of the USAO.

X.  Cancellation

3

Either the USAO or the State may withdraw its participation in this MOU at any time. Such withdrawal shall require notification in writing, and provide the withdrawal's effective date.

XI. ASSIGNMENT OF CONTRACT

The assignment of specific rights or obligations set forth in this agreement or the assignment of the agreement in its entirety, by any party to this agreement, is hereby expressly prohibited.

XII. Effective Date

This MOU shall be effective on the date when the last signatory has signed

XIII. Signatures

By signing this MOU below, all signatories affirm that they have read this MOU and agree to its terms, restrictions, and limitations, as applicable.

J. DOUGLAS OVERBEY
U.S. Attorney
Date: Sept. 17, 2020

KEN BALDWIN
District Attorney General
Date: 8/12/2020

JENNY BROCK
Mayor City of Johnson City
Date: 8/6/2020

M. DENIS PETERSON
City Manager City of Johnson City
Date: 06 AUG 20

JOE GRANDY
Mayor of Washington County
Date: 8-11-20

KATERI DAHL
Assistant District Attorney
Date: 8/18/2020

4

| From: | Sandos, Sunny |
|---|---|
| Sent: | Thursday, June 24, 2021 11:00 AM |
| To: | Turner, Karl |
| Subject: | letter |
| Attachments: | USAO letter to Dahl.docx |

**EXHIBIT "B"**

Chief,

Please see the attached letter. After consideration of this process, it seems unnecessary to send a letter telling everyone you don't plan to renew, rather than just getting to the point and telling Attorney Dahl her assignment will not be extended. As such, I prepared this letter for you, which will be copied to the necessary folks. I can add more detail, if you want, but I think a general approach is best in these matters. Please let me know your thoughts.

Thanks,
Sunny



**Sunny R. Sandos**
City Attorney, Legal Department
City of Johnson City, Tennessee
423.434-6012 o. / 423.530.4392 c. / www.johnsoncitytn.org

The contents of this email may be PRIVILEGED and CONFIDENTIAL. This email is intended only for the use of the named recipient(s) to which this email is addressed. If you have received this email by mistake, please reply to this message and follow with its deletion. Any unauthorized use, dissemination or copying of this email or the information contained in it or attached to it, is strictly prohibited. Thank you for your cooperation and understanding.

June 24, 2021

Dear Attorney Dahl,

The City of Johnson City and the Johnson City Police Department thank you for your service during the term of your assignment to the United States Attorney's Office for the Eastern District of Tennessee while serving as Special Assistant U.S. Attorney for the purpose of assisting the City of Johnson City. As you are aware, the term of the assignment, pursuant to the Memorandum of Understanding executed by you on August 18, 2020, was for an effective service from July 1, 2020 through June 30, 2021. Upon expiration of the term and concurrence of the parties thereto, the assignment would only be extended through express written agreement.

The City of Johnson City and Johnson City Police Department do not desire to extend your assignment. As such, the Memorandum of Understanding and your assignment addressed therein shall expire on June 30, 2021. Thank you for your service.

Sincerely,

Karl Turner
JCPD Police Chief

Cc: Trey Hamilton, III, U.S. Attorney
Ken Baldwin, District Attorney General
Joe Wise, Mayor of Johnson City
M. Denis Peterson, City Manager of Johnson City




# JOHNSON CITY POLICE DEPARTMENT
## 601 East Main Street
## Johnson City, Tennessee
*"An internationally accredited agency to better serve the public"*

**KARL TURNER**
**POLICE CHIEF**



**EXHIBIT "C"**

June 24, 2021

Dear Attorney Dahl,

    The City of Johnson City and the Johnson City Police Department thank you for your service during the term of your assignment to the United States Attorney's Office for the Eastern District of Tennessee while serving as Special Assistant U.S. Attorney for the purpose of assisting the City of Johnson City. As you are aware, the term of the assignment, pursuant to the Memorandum of Understanding executed by you on August 18, 2020, was for an effective service from July 1, 2020 through June 30, 2021. Upon expiration of the term and concurrence of the parties thereto, the assignment would only be extended through express written agreement.

    The City of Johnson City and Johnson City Police Department do not desire to extend your assignment. As such, the Memorandum of Understanding and your assignment addressed therein shall expire on June 30, 2021. Thank you for your service.

Sincerely,

*Karl Turner*

Karl Turner
JCPD Police Chief

Cc:   Trey Hamilton, III, U.S. Attorney
      Ken Baldwin, District Attorney General
      Joe Wise, Mayor of Johnson City
      M. Denis Peterson, City Manager of Johnson City

Municipal Safety Building • P.O. Box 2150 • Johnson City, TN 37605-2150
423.434.6159 • Fax: 423.434.6154 • www.johnsoncitytn.org

Case 2:22-cv-00072-KAC-JEM   Document 61-2   Filed 01/16/24   Page 11 of 14   PageID #: 1020



**EXHIBIT "D"**

# CONTRACT AGREEMENT UNITED STATES ATTORNEY'S OFFICE AND STATE/LOCAL GOVERNMENT
## CITY OF JOHNSON CITY

THIS AGREEMENT, made this 29th day of June, 2021, by and between Kateri Dahl (hereinafter Special Assistant U.S. Attorney "SAUSA"), with a principal address of 93 Chucks Aly, Jonesborough, TN 37659, and the City of Johnson City (hereinafter "City"), with a principal address of 601 E. Main Street, Johnson City, TN 37601.

WHEREAS, the City wishes to use the services of the SAUSA for the purposes of performing work for the benefit of the City and transition of all files and caseload currently assigned to the SAUSA per the discretion of the U.S. Attorney for the Eastern District of Tennessee, as further set forth and outlined in this document. The SAUSA is willing to accept such contract relationship.

NOW, THEREFORE, it is mutually agreed as follows:

### ARTICLE I
### Responsibilities of SAUSA; Scope of Work

SAUSA will be an independent contractor and shall actively transition all files and caseload currently assigned to the SAUSA, per the discretion of the U.S. Attorney for the Eastern District of Tennessee, and shall perform or fulfill other duties as necessary.

### ARTICLE II
### Responsibilities of City

The City shall furnish all documents, information, and City owned resources SAUSA deems necessary to complete her responsibilities as stated in Article I.

### ARTICLE III
### Term and Termination; Compensation

This Agreement shall become effective on July 1, 2021, and remain in full force and effect through July 30, 2021, after which time it shall terminate. The SAUSA may terminate this Agreement at any time, with or without cause, provided that fourteen (14) days' written notice is given to the City prior to the effective date of termination. In consideration for the services of SAUSA, the City shall compensate SAUSA a fee of Seven Thousand Two-Hundred Fifty Dollars ($7,250.00). Payment for services will be issued on July 30, 2021. If SAUSA exercises an early notice of termination under this Article prior to July 30, 2021, the City shall pay a pro rata fee calculated on a per day basis. In no event shall the obligation of the City to pay exceed July 30, 2021, or the above-stated compensation amount. This Agreement is nonrenewable.

Any notices, requests, or other communications pursuant to this Agreement will be in writing and will be deemed to have been duly given, if sent by email, or express, registered, or certified mail, postage prepaid, addressed as follows:

If to SAUSA:     Kateri Dahl
                 93 Chucks Aly
                 Johnson City, TN 37659
                 Kat.dahl@usdoj.gov

If to City:      City of Johnson City
                 Attn: Karl Turner, Police Chief
                 601 E. Main St.
                 Johnson City, TN 37601
                 kturner@johnsoncitytn.org

## ARTICLE IV
### Miscellaneous Provisions

This Agreement and all of its terms and conditions shall extend to and be binding upon both parties and their respective heirs, executors, administrators, successors, and assigns.

Neither party shall sell, assign, or otherwise transfer any of its rights under this Agreement without the other party's prior written consent.

This Agreement constitutes the entire agreement between the parties. Any prior communications or agreements are superseded by this Agreement. This Agreement may not be modified or amended without a written Agreement signed by both parties.

The failure of either party to enforce any of the provisions of this Agreement will in no way be construed as a waiver of the provisions of this Agreement and will in no way affect the validity of this Agreement. If any of the provisions of this Agreement are declared invalid or unenforceable for any reason, the validity of other provisions of this Agreement will not be affected by the invalid or unenforceable provision.

The rights and obligations of the parties to this Agreement shall be governed by the laws of the State of Tennessee.

This Agreement may be executed by the parties in several counterparts, each of which shall be deemed to be an original copy.

WITNESS the hands of the parties on this the day and date first above written.

[SIGNATURES TO FOLLOW ON NEXT PAGE]

_____
M. Denis Peterson
City Manager, City of Johnson City


_____
Karl Turner
Police Chief, City of Johnson City


_____
Kateri Dahl
Special Assistant U.S. Attorney