EXHIBIT 04

**Emily Taylor**

| | |
|---|---|
| **From:** | Hugh Eastwood <heastwood@eastwoodlawstl.com> |
| **Sent:** | Monday, November 6, 2023 5:30 PM |
| **To:** | Lisa May |
| **Cc:** | alexis@tahincilaw.com; Tom Garland; Emily Taylor; Maria Ashburn |
| **Subject:** | Re: Dahl v. Turner – Depositions |

Caution! This message was sent from outside your organization.          Allow sender | Block sender

Erick, Tom and Emily:

Thank you for this email, and for offering to schedule Dunn, Tallmade, Barron and Jaynes as proposed. We think combining them into as few days as possible will allow those depos to proceed efficiently. We do not expect them to be lengthy. Accordingly, we suggest:

   Nov. 15 - Dunn and Tallmadge
   Nov. 21 - Barron and Jaynes

Separately, Pete Peterson just called Alexis directly re: his subpoena and responsive documents. To the extent you take the position that he's a represented party, can you pls let him know to contact us through you?

We thank you for your proposal as to Peters, Sparks and the zoom depo of Daigle. We are fine with deposing them in December.

Our experience with running over Scheduling Order deadlines, even by consent, has been mixed and varies by federal district judge. Accordingly, rather than risk the ire of the Court, or being told we are out of time, we suggest that we keep a conference call with the Court to review extending discovery by consent into December. We are fine with you letting the Court know that we have resolved the Daigle depo issue, and that the motion practice will now be limited to the issue of subsequent remedial measures.

Before we do that, however, can you pls let us know your position as to Plaintiff's Second RFP No. 5? To the extent that Daigle reviewed over 300 case files, we are willing to cabin that portion of the request to Sean Williams cases and/or cases on which Dahl herself worked.

Thank you,

Hugh and Alexis

On Mon, Nov 6, 2023 at 2:42 PM Lisa May < lisa@hbm-lawfirm.com> wrote:

Hugh and Alexis:

The depositions you requested for officers are arranged as follows:

- November 14th or 15th - Dunn;
- November 15th - Tallmadge;
- November 16th or 21st – Jaynes;
- November 21st – Barron and/or Jaynes.

[Peterson has not reported back but will do so by Tuesday. He is available, I think, on November 14, 15, 16, but has conflicts as to times of availability on those dates.] [Barron is out of town in a training class all week and Jaynes is involved in a court criminal proceeding November 14, 15, but is available 16th or 21st.]

I need to lock officers in on times for their depositions. In that regard, I am aware of the difficulty associated with obtaining Dahl discovery and scheduling the depositions of Sparks and Peters. We are open to scheduling Sparks and Peters in December i.e., before December 31st. We do not want to delay the officer depositions for November 14, 15 (maybe 16) and 21st.

Rebecca Overbey is holding dates of 14-17 and 21 at this time.

With respect to a Daigle deposition: after reviewing your Response, we agree that the issue of whether you can take Daigle's discovery deposition is not properly before the Court. We will agree that you can take the deposition of Daigle by Zoom for up to three hours. But we need to do that deposition in December. We will agree to find a mutually acceptable date in December (with you and Daigle), and we will agree to waive the discovery cut off as to Daigle so that that deposition can occur in December.

If this is acceptable to you, then we will email the law clerk and advise her that we agree that the issue of whether you may take Daigle's deposition is not properly before the Court, and that we have resolved that issue with you. But we will also advise her that the portion of our motion in limine asserting "subsequent remedial measure" is still before the Court and we will be filing a reply brief within the time allowed.

Erick H.