EXHIBIT 06

**Emily Taylor**

| | |
|---|---|
| **From:** | Hugh Eastwood <heastwood@eastwoodlawstl.com> |
| **Sent:** | Sunday, October 22, 2023 9:14 PM |
| **To:** | Lisa May; Tom Garland; Emily Taylor |
| **Cc:** | Alexis Tahinci |
| **Subject:** | Dahl: McCauley, amendment, and Daigle |
| **Attachments:** | dahl.touhy.mccauley.2023.10.22.docx; dahl.1ac.redline.pdf |

Caution! This message was sent from outside your organization.  Allow sender | Block sender

Erick, Tom and Emily:

Attached pls find two documents.

First is a draft letter to Leah McClanahan re: the McCauley depo. We drafted what we anticipate you'd request based on the language you sent us as to the Taylor *Touhy* depo request. Pls edit and change as you see fit, or send us separately what you'd like added, so we can get this out to Leah this week as she requested. Also pls let us know your thoughts on dates, location, etc. We appreciate the Keystone Community Center location that you have arranged to date.

Second is a courtesy redline PDF of an amended pleading based on discovery to date, including last week's depos. We want to timely file this pleading--or a substantially similar final product--by this Tuesday per the Scheduling Order. Although we do not read Fed. R. Civ. P. 15(a) to require your consent, we would like to know your position for purposes of plaintiff's motion to amend her pleadings. You will note that we have dropped our conspiracy claim and dropped the three Officer John Doe defendants, and that we have added an NDAA claim. We have also made some corrections/changes to the facts of our allegations based on what we have learned in discovery.

Third, we would like to schedule the deposition of expert Eric Daigle. We intend to conduct the deposition remotely pursuant to Fed. R. Civ. P. 30(b)(4) (providing for remote depositions upon stipulation by the parties or by motion and court order). Please let us know what dates would work for you as to that. We anticipate that you will object generally to his testimony, but we still want to take Daigle's depo subject to such an objection.

We think that since Covid-19, courts are increasingly granting leave to permit remote depositions, particularly when the witness's credibility is not at issue. *See, e.g., Henry v. Tacoma Police Department, et al.,* No. 3:22-CV-0553-LK, 2023 WL 5530201 (W.D. Wash. Aug 28, 2023) (applying two-pronged test for determining whether deposition that be done remotely or in person, court granted pro se plaintiff's request that defendant depose him remotely, rather than forcing plaintiff to travel 2,600 miles to Tacoma, Washington from Jonesboro, Georgia; rejecting defense argument that credibility assessment was reason enough to force an in-person deposition); *Brower v. McDonald's Corp.,* No. 2:19-CV-02099-GMN-BNW, 2021 WL 3573633 (D. Nev. May 28, 2021) (providing that "leave to permit remote depositions should generally be granted liberally;' analyzing the suitability of remote deposition using a two-step procedure, saying that "first, the proponent must advance a legitimate reason for seeking a remote deposition; and (2) if the movant articulates a legitimate reason, then the burden shifts to the opposing party to make a particularized showing that conducting

the deposition by remote means would be prejudicial"); *Vargas v. Evergreen Professional Recoveries, Inc.*, No. 2:21-CV-00926-RSL-JRC, 2022 WL 856991 (W. D. Washington March 23, 2022) (applying two-step analysis articulated in *Brower, supra*). *See also* C. Robertson and M. Shammas, *The Jury Trial Reinvented,* 9 Tex. A&M L. Rev. 109 (Fall 2021).

Thank you,

Hugh and Alexis

--
Hugh A. Eastwood
Attorney at Law
7911 Forsyth Blvd., Ste. 300
St. Louis, Missouri 63105-3825
hugh@eastwoodlawstl.com
(314) 809 2343
(314) 228 0107 eFax
www.eastwoodlawstl.com

This e-mail is from a lawyer and may contain confidential and privileged information. Please contact me if you are not its intended recipient, then (1) promptly destroy your copy and do not share its contents, and (2) let me know.