

S. Sandos
DEPOSITION
EXHIBIT
#142

# RETIREMENT INCENTIVE AGREEMENT AND RELEASE

This Retirement Incentive Agreement (hereinafter referred to as "Agreement") is made and entered into on this 26 day of JANUARY, 2023 ("Effective Date") by and between the City of Johnson City (hereinafter referred to as "Employer") with a mailing address of 601 E. Main Street, Johnson City, Tennessee, 37601, and KEVIN PETERS (hereinafter referred to as "Employee") with a mailing address of 3144 COYOTE MDW, PINEY FLATS, TN 37686. Collectively, the Employer and Employee shall be referred to as "Parties."

**WHEREAS**, it is known that the Employee has enjoyed a gainful tenure of employment with the Employer for 32 years; and

**WHEREAS**, the Employer has offered a Retirement Incentive Option ("RIO") program to those current City of Johnson City employees who meet the eligibility requirements; and

**WHEREAS**, Employee is employed by the City, meets the eligibility requirements to participate in the RIO program, and desires to voluntarily participate in the RIO program; and

**WHEREAS**, Employee has had an opportunity to consult with his/her attorney and/or other advisors the Employee determined necessary;

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, it is agreed as follows:

1. <u>Retirement and Acceptance</u>. Upon signing this Agreement, the Employee hereby voluntarily and irrevocably retires from the City no later than ~~March 31, 2023~~ February 28, 2023 ("Retirement Date"). This Agreement shall serve as the Employee's formal notice of retirement, and the City's signature below shall serve as its formal acceptance of the notice of retirement. The City will rely on the Employee's retirement going forward.

2. <u>Employment Ineligibility</u>. Upon execution of this Agreement, Employee acknowledges that he/she will be ineligible to apply for or otherwise seek reemployment with the City directly or indirectly, such as on a contract or consulting basis or through a temporary employment agency working on City business, or otherwise, for twelve (12) months from the Retirement Date.

3. <u>Return of Property</u>. Employee shall return all City property, including, but not limited to, key fob, cellular phone, PDA, laptop, and iPad, by Retirement Date.

4. <u>Salary and Benefits</u>. Employee will receive his/her current salary and all applicable City benefits through the Retirement Date or until some earlier date of separation from the City due to earlier retirement, death, or involuntary termination effected in compliance with City policies. Employee will be paid for accrued but unused vacation time and comp time accordance with City policy upon his/her retirement. Employee may apply accrued sick time as of ~~March 31, 2023~~ February 28 2023 toward service eligibility requirement.

Page 1 of 6

5. **Retirement Incentive.** Employer shall pay to employee the equivalent of six (6) months' value of Employee's base wages in a lump sum following Employee's Retirement Date in addition to all other salary and benefits due upon retirement pursuant to City policy.

6. **Tax Liability.** Employee shall be solely responsible for any and all taxes that may be due by him/her on the payment in Paragraph 5 and shall hold the City harmless and indemnify it from any liability thereon.

7. **Termination of Retirement Incentive.** Employee acknowledges and agrees that the City's obligation to pay the Retirement Incentive will be void and of no effect if his/her employment with the City ends before the Retirement Date by virtue of his/her death or involuntary termination effected in compliance with City policies.

8. **Review of RIO Program Eligibility Disclosures.** Employee hereby acknowledges that he/she has been advised in writing (see Exhibit A to this Agreement) of the unit or group of individuals covered by the RIO program, eligibility factors for the RIO program, and any time limits applicable to the RIO program.

9. **No Admission of Liability.** This Agreement is not, and shall not in any way be, construed as an admission by the City and/or any party released herein that they engaged in any wrongful acts against or with respect to Employee or that the City and/or any party released herein violated any federal, state, or local laws.

10. **Covenant Not to Sue.** In consideration of the terms and conditions set forth in this Agreement, the sufficiency of which the parties acknowledge, Employee agrees, promises, and covenants that neither he/she, nor any person, organization, or any other entity acting on his/her behalf will file, charge, claim, sue, cause, or permit to be filed, charged, or claimed, any action for damages or other relief (including injunctive, declaratory, monetary relief, or other) against the City, including its affiliates, successors, elected officials, directors, employees, agents, and representatives, whether in their individual capacity or official capacity, involving any matter which occurred in the past up to the date of this Agreement, including any continuing effects thereof.

11. **Employee's Full and Comprehensive Release of Claims.** Employee agrees, on behalf of himself/herself and his/her heirs, executors, administrators, attorneys, and assigns, to hereby waive, release, and forever discharge the City and its respective affiliates, successors, elected officials, directors, employees, and agents from any and all known or unknown actions, causes of action, claims, or liabilities of any kind that have or could be asserted against the City, and/or any party released herein, arising out of or related to his/her employment with the City, including but not limited to:

(a) Any claims arising from any alleged violation by the Parties of any federal, state, or local statutes, ordinances, or common laws, including, but not limited to, the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.; Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; Tennessee Code Annotated § 4-21-101 et seq.; and, the Equal Pay Act, 29 U.S.C. § 206(d) et seq.. Employee further waives his/her right to monetary or other recovery should any federal, state, or local administrative agency pursue any claims on his/her behalf arising out of or related to his/her employment with the City. Employee further agrees that upon the effective date of his/her retirement, he/she waives all rights to use any internal grievance or appeal procedure offered by the City with respect to any matter arising out of or related to his/her employment with the City;

(b) Claims, actions, causes of action or liabilities arising under any other federal, state, municipal, or local statutes, law, ordinance, or regulation; and/or

(c) Any other claim whatsoever including, but not limited to: claims for severance pay, sick pay, unpaid wages, unpaid bonuses, unpaid time off, claims based upon breach of contract, breach of the covenant of good faith and fair dealing, wrongful termination, defamation, intentional, and/or negligent infliction of emotional distress, fraud, tort, personal injury, invasion of privacy, violation of public policy, negligence, and/or any other common law, statutory, or other claim whatsoever arising out of or relating to his/her employment with the City. Notwithstanding the above, it is agreed and understood that the releases contained in this paragraph do not cover any claims which by law Employee cannot waive and any claims to enforce the terms of this Retirement Incentive Agreement and Release.

12. Waiver of Rights under the ADEA. In consideration of the actions described herein of the Released Parties, Employee voluntarily and knowingly waives any and all rights and claims under the ADEA and Older Workers Benefits Protection Act (OWBPA) involving any matter which occurred in the past up to the date of this Agreement. Employee is hereby advised that he/she has the right under the ADEA and OWBPA to consult an attorney prior to signing this Agreement (which Employee has been encouraged to do), that he/she has a period of at least forty five (45) calendar days to consider this Agreement and to the extent that he/she has signed the Agreement prior to the expiration of that period, he/she has done so knowingly and voluntarily and waives the remainder of that period, and that he/she is permitted to revoke this Agreement for a period of at least seven (7) calendar days following the signing of this Agreement. Effective notice to the City of revocation of this Agreement shall be accomplished only by delivering a document in person to the City's Legal Department at 601 E. Main Street, Johnson City, Tennessee 37601.

13. Representation of Employee. Employee hereby represents and warrants that he/she:
    (a) has authority to enter into this Agreement;

(b) holds any and all claims free and clear of any liens and has not pledged or assigned those claims to any third party;

(c) has not commenced or been subject to any bankruptcy or insolvency proceeding that affects or could affect his/her rights to accept payment and release claims under this Agreement;

(d) has not received any promise of further consideration; and

(e) does not know of any other person who holds any rights to sue for the causes of action or the claims subject to the releases made hereunder.

14. **Indemnification.** Under this Agreement, the Employee agrees to indemnify and release the Employer from any and all actions during his employment. The claims released include, but are not limited to:

   (a) <u>Statutory Claims</u>. All statutory claims related to laws including, but not limited to discrimination, civil rights, family leave, workers' benefits, disability, rehabilitation, retirement, fair labor standards, labor rights, equal pay, minimum wage, or any other local, state, or federal act, code, statute, or law related to employment;

   (b) <u>Claims of Compensation</u>. All claims for any compensation including back wages, front pay, punitive damages, pay increases, severance benefits, reinstatement, contributions to retirement plans, or any other form of economic loss;

   (c) <u>Injury</u>. All claims for personal injury, including physical injury, mental anguish, emotional distress, pain and suffering, embarrassment, humiliation, damage to name or reputation, interest, liquidated damages, and punitive damages; and

   (d) <u>Fees</u>. All claims for costs, interest, and attorney's fees.

Nothing contained in this paragraph is intended, nor shall be construed, to waive or release any future claim arising after the date this Agreement is signed by the Employee or to limit the Employee's right to enforce the terms of this Agreement.

15. **Voluntary Agreement.** Employee represents and certifies that he/she has carefully read and fully understands all of the provisions and effects of this Agreement; that he/she has been advised to and had the opportunity for consultation with legal counsel; that he/she is voluntarily entering into this Agreement; and that the City has not made any representations concerning the terms or effects of this Agreement other than those contained in it.

16. **Employee Review.** Employee acknowledges he/she was given at least forty-five (45) days to review and consider this Agreement in its entirety. Employee understands that he/she may voluntarily waive this review period by signing and returning the Agreement prior to the expiration of forty-five (45) days. The Agreement waives no rights or claims that may arise after the Retirement Date. Employee further acknowledges that the terms of this Agreement were negotiated by him/her over a sufficient period of time so that he/she now has carefully read and fully understands and accepts the terms contained in this Agreement

and their legal effect. Employee represents that he/she has been advised to consult with an attorney prior to signing this Agreement. Employee further represents that his/her decision to sign or not sign this Agreement is his/her own voluntary decision made with full knowledge of its terms.

17. <u>Other Agreements</u>. The Employee acknowledges that the only consideration he/she has received for authorizing this Agreement is that set forth herein. No other promise, inducement, threat, agreement or understanding of any kind or description has been made with the Employee to cause him/her to enter into this Agreement. The Employee further acknowledges that the consideration Employee is receiving from the Employer through this Agreement is greater than any amount otherwise entitled to from the Employer.

18. <u>Severability</u>. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions, shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be part of this Agreement.

19. <u>Governing Law</u>. This Agreement shall be governed by the State of Tennessee and the proper venue for any disputes that may arise out of this Agreement shall be in state court in Washington County, Tennessee, or federal court in Greeneville, Tennessee.

20. <u>Entire Agreement</u>. This Agreement sets forth the entire understanding and agreement between the Parties and fully supersedes any and all prior contracts or agreements between the Parties pertaining to compensation, severance, or administrative leave, and it likewise fully supersedes any and all other conflicting agreements or understandings between the Parties. This Agreement shall be subject to prevailing terms of TCRS rules and existing city policies and/or approved resolutions applicable to retirement or postretirement benefits.

CAREFULLY READ THIS AGREEMENT; BY SIGNING BELOW YOU ARE RELEASING ALL KNOWN AND UNKNOWN CLAIMS. YOU HAVE A PERIOD OF FORTY-FIVE (45) CALENDAR DAYS TO CONSIDER THIS RELEASE. IF YOU SIGN THIS AGREEMENT, YOU WILL HAVE UP TO SEVEN (7) CALENDAR DAYS FOLLOWING THE DATE YOU SIGN IT TO REVOKE YOUR SIGNATURE. THE RELEASE SHALL NOT BECOME EFFECTIVE OR ENFORCEABLE UNTIL THIS SEVEN (7) CALENDAR DAY PERIOD HAS EXPIRED.

I, THE EMPLOYEE, ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT AND UNDERSTAND ALL OF ITS TERMS, INCLUDING THE FULL AND FINAL RELEASE AND WAIVER OF CLAIMS SET FORTH ABOVE. I FURTHER ACKNOWLEDGE THAT I HAVE VOLUNTARILY ENTERED INTO THIS RETIREMENT INCENTIVE AGREEMENT AND RELEASE, THAT I HAVE NOT RELIED UPON ANY REPRESENTATION OR STATEMENT, WRITTEN OR ORAL, NOT SET FORTH IN THIS AGREEMENT AND THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO HAVE THIS AGREEMENT REVIEWED BY AN ATTORNEY.

_____
Employee

_____
Cathy D. Ball, City Manager

_____
Melanie Keene, Director Human Resources

_____
Sunny R. Sandos, City Attorney