UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| KATERI LYNN DAHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-CV-72-KAC-JEM |
| | ) |
| CHIEF KARL TURNER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Leave to Publicly File the Daigle Deposition Transcript and Related Exhibits with Certain Redactions [Doc. 72], and Plaintiff's Motion for Leave to File Under Certain Pleadings, Documents, and Records [Doc. 83]. Both motions relate to the deposition of Eric Daigle ("Daigle Deposition") [SEALED Doc. 84-24] that Plaintiff filed with her Response in Opposition to Defendants' Motion for Summary Judgment ("Opposition") [Doc. 82]. On February 7, 2024, the Court entered an Order on Plaintiff's motion [Doc. 83], allowing certain exhibits to be filed under seal, but it held in abeyance the portion relating to the Daigle Deposition [SEALED Doc. 84-24], pending adjudication of Plaintiff's motion [Doc. 72].

According to Plaintiff, Defendants designated the Daigle Deposition as "Attorney's Eyes Only" [Doc. 72 ¶ 1]. Other than redacting the names of victims, Plaintiff "does not believe that either the Daigle [D]eposition or the exhibits thereto qualify for sealing under the Court's Memorandum and Order [R]egarding Sealing Confidential Information" [*Id*. ¶¶ 4, 5 (citing Doc. 9)].

Defendants responded that they "adopt by reference their response in Opposition to Plaintiff's Motion to Compel, and all filings in support of that Response [Doc. 79 ¶ 1 (citations omitted)]. Defendants generally contend that Mr. Daigle is Defendant City of Johnson City's consulting, non-testifying expert who is protected from disclosure by Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure and that his materials constitute a subsequent remedial measure barred from disclosure by Rule 407 of the Federal Rules of Evidence [*Id*. ¶¶ 3–9].

On March 12, 2024, the Court entered a Memorandum and Order granting Plaintiff's motion to compel [Doc. 90]. Given that, the Court ordered "Defendants to file a supplemental brief, in accordance with the law of the Sixth Circuit, on or before March 18, 2024, for why the Daigle Deposition [Doc. 84-24] should remain sealed in its entirety" [Doc. 91 p. 2 (emphasis omitted)].

On March 18, 2024, Defendants filed their Supplemental Brief Regarding Sealed Daigle Deposition [Doc. 102]. Defendants state that "[United States] Magistrate Judge Christopher H. Steger established and clarified the Local Rule in the Eastern District of Tennessee governing the filing of sealed documents" [*Id*. at 1 (citing *Reed v. Kiran Transp., LLC*, No. 1:22-cv-183, Doc. 42 (E.D. Tenn. Aug. 11, 2023))]. According to Defendants, the parties must meet and confer prior to filing the opposing party's confidential information under seal and certify that they have done so in good faith [*Id*. at 2 (citation omitted)]. Plaintiff, Defendants assert, did not meet and confer prior to filing her motions [*Id*. at 7]. In addition, Defendants state that Plaintiff "seeks to lodge the entire 248 page Daigle [D]eposition and exhibits 'in connection with her opposition to *Defendants['] Motion for Summary Judgment*'" [*Id.* at 2 (quoting Doc. 72 ¶ 3)]. But the Daigle Deposition is subject to the parties' Protective Order [Doc. 26], and given that, Defendants assert that the entire transcript should not have been filed [Doc. 102 p. 3]. Defendants state that "[Mr.]

2

Daigle's 248[-]page, six (6) hour deposition contains very limited testimony directed to the topics [Plaintiff] believes to have a bearing on her amended pleadings" [*Id*. at 4]. While Plaintiff states that the parties can redact the names of the sexual assault victims referenced in the Daigle Deposition, Defendants state that such redactions are not sufficient because the parties agreed during the deposition to exchange information that Defendants believe is privileged [*Id*.]. They have also filed a motion in limine directed to Daigle's testimony [*Id*. at 6 (citing Doc. 101)]. Defendants request that the Daigle Deposition be returned to Plaintiff's counsel or electronically deleted and that the Court order the parties to meet and confer to determine what portions of Daigle's Deposition should be filed in the record [*Id*. at 7].

Local Rule 5.3 states that "[w]hen filing [depositions], only excerpts of the documents which are directly germane to the matter under consideration by the Court may be filed." E.D. Tenn. L.R. 5.3. Considering that the Daigle Deposition includes the names of the sexual assault victims and Plaintiff has not relied on the entire transcript to support her Opposition, the Court finds Defendants' request that the parties meet and confer well taken. *See Reed*, No. 1:22-cv-183 [Doc. 42].

The Court **ORDERS** the parties to participate in a good-faith meet and confer to determine what portions of the Daigle Deposition should be filed in the record, and for those portions, what should be redacted, sealed, or filed publicly, so that District Judge can adjudicate the merits of Defendants' Motion for Summary [Doc. 61]. The parties **SHALL** file a joint status report on or before **March 22, 2024**. To the extent the parties are able to agree on what portions of the Daigle Deposition should be filed (either redacted, sealed, or in the public record), they shall include such portions as an exhibit or separate filing as may be appropriate [*see* Doc. 9 p. 3 (explaining that

redacted documents should be filed as an attachment and sealed entries should be filed separately using the *Proposed Sealed Document* event)] with their joint status report.

**IT IS SO ORDERED.**

ENTER:

/s/ Jill E. McCook
Jill E. McCook
United States Magistrate Judge