UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

KATERI LYNN DAHL, )
)
    Plaintiff, )
)
v. ) No. 2:22-CV-72-KAC-JEM
)
CHIEF KARL TURNER, *et al*., )
)
    Defendants. )

# **ORDER**

    This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

    Now before the Court is Plaintiff's Motion for Leave to Publicly File the Daigle Deposition Transcript and Related Exhibits with Certain Redactions [Doc. 72], Plaintiff's Motion for Leave to File Under Seal Her Reply in Support of Her Motion to Compel and the Daigle Deposition Transcript [Doc. 77], and Plaintiff's Motion for Leave to File Under Seal Certain Pleadings, Documents, and Records [Doc. 83]. These filings relate to sealing and/or redacting the complete deposition transcript of Eric Daigle ("Daigle Deposition") that Plaintiff filed with her Reply in Support of her Motion to Compel ("Reply") [SEALED Doc. 78] and with her Opposition to the Motion for Summary Judgment ("Opposition") [Doc. 82].

    On March 19, 2024, the Court entered orders, noting that "Local Rule 5.3 states that 'when filing depositions, only excerpts of the documents which are directly germane to the matter under consideration by the Court may be filed'" [Doc. 103 p. 3; Doc. 104 p. 3 (quoting E.D. Tenn. L.R. 5.3)]. The Court ordered the parties to meet and confer to determine what portions of the Daigle

Deposition should be filed in conjunction with the Reply and with the Opposition and whether any portions should be sealed and/or redacted [*Id*.].

On March 22, 2024, the parties filed a status report, stating that they agreed on the portions of the Daigle Deposition that should be filed with the Reply and with the Opposition, but they disagreed on whether these portions should be sealed [Doc. 105]. On March 25, 2024, the Court ordered Plaintiff to file, separately and under seal, the portions of the Daigle Deposition referenced in her Reply and referenced in her Opposition, and it directed the parties to file a joint status report outlining their positions on sealing [Doc. 106]. Subsequently, Plaintiff filed the excerpts from the Daigle Deposition relating to her Reply [SEALED Doc. 107] and relating to her Opposition [SEALED Doc. 108].

On March 28, 2024, the parties filed a Joint Status Report Pertaining to Daigle Deposition [Doc. 111]. They represent that the Daigle Deposition cited in Plaintiff's Reply may be filed in the public record [*Id*.]. The parties, however, will redact "[a]ny reference to a sexual assault victim" [*Id*.]. The Court therefore **ORDERS** Plaintiff to file an unredacted copy of the Reply [SEALED Doc. 78] in CM/ECF on or before **April 3, 2024**. It is unclear to the Court whether the Daigle Deposition [SEALED Doc. 107] may be publicly filed or if redactions to the names of sexual assault victims are necessary. Plaintiff **SHALL** inform the Court on or before **April 3, 2024**, whether the Daigle Deposition [SEALED Doc. 107] may be publicly filed. To the extent any redactions are necessary, Plaintiff **SHALL** on or before **April 3, 2024**, file a redacted copy of the Daigle Deposition and a sealed copy with the appropriate highlighting [*See* Doc. 9 p. 3 (explaining that the sealed document shall contain highlights to the confidential information)].

The parties state that the Daigle Deposition filed with Plaintiff's Opposition [Doc. 82] may also be filed in the public record, "along with one (1) additional page from the Daigle deposition,

2

page 166" [*Id*.]. They state, however that "[a]ny reference to a sexual assault victim will be redacted" [*Id*.]. The Court **DIRECTS** Plaintiff to file a complete copy of the Daigle Deposition that relates to her Opposition [Doc. 82] on or before **April 3, 2024**. To the extent any redactions are necessary, Plaintiff **SHALL** file a redacted copy of the Daigle Deposition and a sealed copy with appropriate highlighting [*See* Doc. 9 p. 3].

    **IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge