UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| KATERI LYNN DAHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-CV-72-KAC-JEM |
| | ) |
| CHIEF KARL TURNER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Leave to Publicly File the Daigle Deposition Transcript and Related Exhibits with Certain Redactions [Doc. 72], Plaintiff's Motion for Leave to File Under Seal Her Reply in Support of Her Motion to Compel and the Daigle Deposition Transcript [Doc. 77], and Plaintiff's Motion for Leave to File Under Seal Certain Pleadings, Documents, and Records [Doc. 83]. These filings relate to sealing and/or redacting the complete deposition transcript of Eric Daigle ("Daigle Deposition") that Plaintiff filed with her Reply in Support of her Motion to Compel ("Reply") [SEALED Doc. 78] and with her Opposition to the Motion for Summary Judgment ("Opposition") [Doc. 82]. The Court has entered several Orders relating to these motions [*See* Docs. 88, 91, 92, 103, 104, 106, 112].

On April 1, 2024, the Court entered an Order ("April 1 Order") directing Plaintiff to file an unredacted copy of the Reply [SEALED Doc. 78] in CM/ECF on or before April 3, 2024 [Doc. 112 p. 2]. In addition, the Court ordered Plaintiff to inform it if the Daigle Deposition [SEALED Doc. 107] may be publicly filed or whether redactions to the names of sexual assault

victims are necessary [Doc. 112 p. 2]. On April 2, 2024, Plaintiff filed an unredacted copy of her Reply [Doc. 113]. She also filed a redacted copy of the Daigle Deposition [Doc. 113-1] and a sealed copy of the same [SEALED Doc. 115]. To maintain an orderly docket, the Court **DIRECTS** the Clerk's Office:

- to replace the Reply [**Doc. 89**] with the unredacted version [**Doc. 113**];

- to replace the placeholder for the Daigle Deposition [**Doc. 89-1**] with the redacted version [**Doc. 113-1**];

- to replace the original sealed version of the Daigle Deposition [**Doc. 78-1**] with the updated, highlighted version [**Doc. 115**], which **SHALL REMAIN SEALED**; and

- to delete the Reply [**Doc. 78**] and the Daigle Deposition [**Doc. 107**] in accordance with Rule 12.2 of the ECF Rules and Procedures.

The Court's April 1 Order also directed Plaintiff to file a complete copy of the Daigle Deposition that relates to her Opposition [Doc. 82], and to the extent redactions are necessary, to file a redacted copy of the Daigle Deposition and a sealed copy with appropriate highlighting [Doc. 112 p. 2]. On April 2, 2024, Plaintiff filed the complete copy of the Daigle Deposition that relates to her Opposition [Doc. 82]. It does not contain any redactions [*See* Doc. 114]. To maintain an orderly docket, the Court **DIRECTS** the Clerk's Office:

- to replace the placeholder of the Daigle Deposition [**Doc. 82-49**] with the public version of the Daigle Deposition [**Doc. 114**]; and

- to delete the Daigle Deposition [**Doc. 84-24**] and [**Doc. 108**] in accordance with Rule 12.2 of the ECF Rules and Procedure.

The Court therefore **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Leave to Publicly File the Daigle Deposition Transcript and Related Exhibits with Certain Redactions [**Doc. 72**], Plaintiff's Motion for Leave to File Under Seal Her Reply in Support of Her

Motion to Compel and the Daigle Deposition Transcript [**Doc. 77**], and Plaintiff's Motion for Leave to File Under Seal Certain Pleadings, Documents, and Records [**Doc. 83**].

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

3

Case 2:22-cv-00072-KAC-JEM   Document 116   Filed 04/05/24   Page 3 of 3   PageID #: 3767