UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| KATERI LYNNE DAHL, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No.: 2:22-cv-00072-KAC-JEM |
| | ] | |
| CHIEF KARL TURNER, et al., | ] | |
| | ] | |
| Defendants. | ] | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' OBJECTIONS
TO PLAINTIFF'S WITNESS LIST**

Plaintiff Kateri Lynne Dahl, by and through counsel, hereby submits this motion to strike Defendants' objections to Dahl's witness list.

The Scheduling Order in this case [Doc. 24] set the deadline of March 14, 2024 for the filing of motions *in limine*, and both Dahl and the Defendants timely filed several such motions. The Scheduling Order set a deadline of April 9, 2024, for the parties to file objections to exhibit lists. On April 8, 2024, Defendants timely filed what they called their Objection to Plaintiff's Witness and Exhibit List, although that document did not actually object to any witnesses listed by Dahl. [Doc. 118]. Two days later, on April 10, 2024, Defendants separately filed a document titled Defendants' Objection to Certain Witnesses Listed by the Plaintiff (hereinafter "Defendants' Objections to Witnesses") [Doc. 121].

Plaintiff submits that Defendants' Objections to Witnesses is in reality an untimely motion *in limine*. The Scheduling Order at ¶5(f) limits objections to "authenticity and/or admissibility," at least in the context of Exhibits. Defendants, however, object to the entire testimony of certain witnesses based on relevance. With the exception of Corey Shipley, all the witnesses at issue were timely identified by Dahl in her original and amended Rule 26

disclosures, and several were deposed in this case. If Defendants wished to object to these witnesses' testimony based on relevance, Defendants should have filed motions *in limine* to exclude them, which would have allowed for full briefing on why their testimony is relevant. It is not appropriate or fair to expect Dahl, at this late date, to detail every piece of thirteen witnesses' potential testimony to explain why each potential topic is relevant to Dahl's claims. Dahl submits that Defendants have waived the opportunity to seek wholesale exclusions of these thirteen witnesses by failing to properly raise these issues in timely motions *in limine*.[1] If Defendants want to object to the relevance of specific lines of questioning, they can do so at trial.

Defendants' Objections to Witnesses raises only two potential proper objections: that Dahl did not list the substance of Mike Little's testimony in her initial disclosures, and that Dahl did not list Corey Shipley in her initial disclosures. But Mike Little's affidavit was attached to the First Amended Complaint, and the contents of his testimony was pled at ¶135. Defendants therefore had ample notice of the matters to which he would testify. Any error in not listing the substance of his testimony in Dahl's initial disclosures was harmless. Moreover, Defendants could have raised this issue to Dahl during the discovery window. If they had done so, Dahl would have further amended her initial Rule 26 disclosures to add the substance of Little's testimony. Instead, Defendants chose to say nothing when the oversight could have been corrected. Now, they seek to use the omission as a "gotcha" in pretrial motions. The Federal Rules are designed to prevent this kind of surprise in civil cases. The Defendants' objection to Little for failure to fully disclose his testimony is not an objection made in good faith, and the Court should overrule it and allow Little to testify.

---

[1] Dahl filed objections to Defendants' witness lists, but those objections were limited to the fact that Defendants never disclosed certain witnesses as required by Rule 26, and Rule 37 mandates their exclusion because allowing their testimony at this point would unfairly prejudice Dahl. As Dahl has no idea what these witnesses will say or even how to contact them, Dahl could not begin to object to the substance of their proposed testimony.

As to Corey Shipley, Dahl concedes that she did not supplement her initial Rule 26 disclosures to list Shipley as a potential witness, but she did identify him in *Plaintiff's First Objections and Responses to First Set of Interrogatories and Requests for Production on behalf of Chief Karl Turner* No. 6. Further, several of Defendants' own witnesses testified in their depositions about Shipley (a former SAUSA assigned to Johnson City) as a comparator to Dahl as to job performance. Even Chief Turner testified about Shipley. Defendants were well aware of Shipley, and why his testimony could be important in this case. The fact that Shipley was not listed in Dahl's disclosures is harmless, and he should not be excluded. Dahl further submits that she likely will not seek to call Mr. Shipley in her case-in-chief. If she were to call him as a witness, she would do so in rebuttal, based on testimony presented by other witnesses. Witnesses offered solely in rebuttal generally are not required to be disclosed in pretrial witness lists.

Dahl respectfully requests that this honorable Court overrule Defendants' objections to Plaintiff's witness list.

Dated: April 15, 2024

Respectfully submitted,

Counsel for Plaintiff Kateri Lynne Dahl

/s/ Hugh A. Eastwood
Hugh A. Eastwood, E.D. Mo. Bar No. 62058MO,
*admitted pro hac vice pursuant to L.R. 83.5(b)(1)*
Attorney at Law
7911 Forsyth Blvd., Ste. 300
St. Louis, Missouri 63105-3825
hugh@eastwoodlawstl.com
(314) 809 2343
(314) 228 0107 eFax

/s/ Alexis I. Tahinci
Alexis I. Tahinci, TN BPR No. 031808
Tahinci Law Firm PLLC
105 Ford Ave., Suite 3
Kingsport, TN 37663
(423) 840-1350

(423) 815-1728 eFax
alexis@tahincilaw.com

## Certificate of Service

The undersigned certifies that on April 15, 2024 (s)he filed this document with the District Clerk to be served by operation of the Court's CM/ECF system upon all counsel of record.


*s/ Alexis I. Tahinci*
Alexis I. Tahinci