UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION
GREENEVILLE

| | |
|---|---|
| KATERI LYNNE DAHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22−cv−00072−KAC−JEM |
| | ) |
| CHIEF KARL TURNER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **Declaration of Hugh A. Eastwood**

Hugh A. Eastwood, Attorney at Law, hereby declares as follows:

1. I am an adult over 21 years of age and competent to swear or affirm this Declaration.

2. I am admitted *pro hac vice* by this Court to appear as lead counsel for Plaintiff Kateri Lynne Dahl in this case, styled *Dahl v. Chief Karl Turner, et al.,* No. 22−cv−00072−KAC−JEM (E.D. Tenn.).

3. I attach defendant Johnson City's responses to Plaintiff's First RFP Nos. 4 and 5, attached as Exhibit 2 hereto.

4. I attach pertinent pages from the deposition in this case of former Johnson City police Captain Kevin Peters as Exhibit 3 hereto.

5. I attach pertinent pages from the deposition in this case of Johnson City police investigator Toma Sparks as Exhibit 4 hereto.

6. I attach pertinent pages from the deposition in this case of Defendant former police Chief Karl Turner as Exhibit 5 hereto.

7. I have reviewed certain public filings on this Court's PACER system in the parallel litigation with a common core of facts, *Does v. City of Johnson City, et al.,* No. 2:23-cv-71-TRM-CRW (E.D. Tenn.).

8. Particularly, I reviewed the following documents and exhibits in the *Does* case:

   a. [Does Plaintiffs'] Motion to Compel Production of (1) Defendants' Financial Records and (2) The Real Estate Contract Between City Manager Cathy Ball and Sean Williams [Does Doc. 235 and Exhibits 1-35 thereto, filed June 28, 2024];

   b. [Does Plaintiffs'] Renewed Motion to Enjoin Extrajudicial Conduct; Motion for Sanctions [Does Doc. 236, filed June 28, 2024];

   c. Declaration of [Does counsel] Vanessa Behr-Jones [Does Doc. 237 and Exhibits 1-10 thereto, filed June 28, 2024];

   d. [Does] Plaintiffs' Response in Opposition to Steven Finney's Motion to Quash Subpoenas and for Protective Order [Does Doc. 237-6[1], and Exhibits 1-22 to Does Doc. 221 thereto].

9. Undersigned counsel for our client plaintiff Dahl had no knowledge of (i) the audit logs, (ii) City Manager Ball's notes, (iii) Officer Richardson's edited-out role in the Williams investigation, and (iv) City Manager Ball's sales contact with Sean Williams during the discovery or summary judgment scheduling periods in this case.

10. In light of the contents of the foregoing, and in order to present additional facts essential to justify her opposition to summary judgment, Fed. R. Civ. P. 56(d), Dahl wants to take limited additional discovery—or, alternatively, to supplement the record in this case—on: (i) the audit

---

[1] Does Doc. 236-6, filed June 28, 2024, is the unredacted version of Does Doc. 221, which is redacted, and was filed June 15, 2024, along with the exhibits thereto.

records and determine why they were not previously produced to her; (ii) re-depose Captain Peters and Investigator Sparks as to their view and edits audit records on the dates they did so (notwithstanding their previous testimony), and the temporal connection to Dahl's work on Sean Williams cases, her pretextual disciplinary meetings with Captain Peters and Chief Turner as to a list of cases that Sparks helped create, and her firing; (ii) depose Officer Bret Richardson as to why his work was edited out from case reports; (iv) re-depose Chief Turner as to the audit records, and his interactions with Captain Peters and Cathy Ball; and, (v) to depose Cathy Ball as to her Daigle notes, her attempted purchase of Williams' apartment, of which Turner knew and apparently did his own investigation at her request, and her failure to open a meaningful Internal Affairs investigation into Dahl and Williams in light of the foregoing. These events—given their close relation in time to Dahl's efforts to urge Johnson City to investigate and seize Sean Williams—are highly probative that Johnson City senior officials were focused on spiking investigation into Williams despite Dahl's prosecutorial efforts to push them to build a case. The omissions and contradictions exposed in at least four witnesses' testimony—Peters, Sparks, Turner, and Ball—as to this discovery suggest that a reasonable juror could seriously question the credibility and completeness of these witnesses' deposition testimony.

11. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on 3rd of July, 2024.

_____
Hugh A. Eastwood