UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| KATERI LYNNE DAHL, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 2:22-cv-00072-KAC-CRW |
| | ] | JURY DEMAND |
| CHIEF KARL TURNER, and | ] | |
| CITY OF JOHNSON CITY, TENNESSEE, | ] | |
| | ] | |
| Defendants. | ] | |

**AMENDED MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE RELATED TO ERIC DAIGLE AND THE DAIGLE AUDIT**[1]

Come the City of Johnson City, Tennessee ("Johnson City") and Karl Turner, in his individual capacity, (the "defendants") and move this Court for an Order excluding any testimony of Eric Daigle ("Daigle") and any testimony or evidence related to the Daigle Audit. These defendants assert that: (1) Daigle's testimony and any testimony or evidence related to the Daigle Audit are not relevant under Federal Rule of Evidence 402, and/or any relevance is substantially outweighed by unfair prejudice or jury confusion as to the issues under Rule 403.

Alternatively, the defendants assert that the Daigle testimony and any testimony or evidence related to the Daigle Audit should be excluded as a subsequent remedial measure under Federal Rule of Evidence 407. As to the one Daigle recommendation that has not been implemented – *i.e.*, that internal affairs investigations be conducted any time there is a complaint, including during the pendency of a lawsuit – the defendants assert that any testimony or other evidence related to that recommendation should be excluded under Federal Rule of Evidence 402

[1] This Amended Motion as well as the supporting Memorandum Brief supplants a previously-filed Motion in Limine and Brief related to Eric Daigle and the Daigle Audit. *See Doc. 100, PageID #: 3575 (Motion), and Doc. 101, PageID #: 3626 (Brief).*

(lack of relevance) and/or Rule 403 (unfair prejudice or jury confusion).

This Motion is not a *Daubert* Motion because the defendants do not seek to exclude Mr. Daigle based on "objections to a proposed expert witness's qualifications or that witness's competency to offer an expert opinion, or any objection to a proposed expert's testimony under Federal Rules of Evidence 701 through 706 and *Daubert*." *See Doc. 126, Amended Scheduling Order, PageID #: 3899.*

This Motion is supported by a Memorandum Brief and the previously-filed declaration of Cathy Ball. *See Doc. 100-1, PageID #: 3577.*

Respectfully submitted,

*s/K. Erickson Herrin*
K. Erickson Herrin, BPR # 012110
**HERRIN, McPEAK & ASSOCIATES**
515 East Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
Phone: (423) 929-7113
Fax: (423) 929-7114
Email: rachel@hbm-lawfirm.com

*s/ Thomas J. Garland, Jr.*
Thomas J. Garland, Jr., BPR # 011495
**MILLIGAN & COLEMAN PLLP**
P.O. Box 1060
Greeneville, TN 37744-1060
Phone: (423) 639-6811
Fax: (423) 639-0278
Email: tgarland@milligancoleman.com

*s/ Emily C. Taylor*
Emily C. Taylor, BPR # 27157
**WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.**
P.O. Box 131
Knoxville, TN 37901-0131
Phone: (865) 637-1700
Email: etaylor@watsonroach.com

*Attorneys for Defendants*