UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| KATERI LYNNE DAHL,<br><br>Plaintiff,<br><br>v.<br><br>CHIEF KARL TURNER, and<br>CITY OF JOHNSON CITY, TENNESSEE,<br><br>Defendants. | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] | No. 2:22-cv-00072-KAC-CRW<br>JURY DEMAND |

**MEMORANDUM BRIEF IN SUPPORT OF**
**<u>MOTION IN LIMINE TO EXCLUDE CERTAIN WITNESSES</u>**

## I. OVERVIEW

Johnson City and Karl Turner (the "defendants") seek the exclusion of certain witnesses listed by Kateri Dahl ("Dahl") on her "Pre-Trial List of Witnesses and Exhibits." The grounds on which the defendants rely are relevance (Federal Rule of Evidence 402, "Rule 402") and unfair prejudice/jury confusion of the issues (Federal Rule of Evidence 403, "Rule 403").

## II. LAW

Under Rule 402, relevant evidence is generally admissible and irrelevant evidence is not admissible. The test for relevant evidence is set forth in Rule 401:

> Rule 401. Test for Relevant Evidence
>
> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Under Rule 403, a "court may exclude relevant evidence if its probative value is

substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

With respect to the concept of "unfair prejudice," Federal District Court Judge Greer has explained:

> The phrase "unfair prejudice," when used in the context of Rule 403, "does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; **rather, it refers to evidence which tends to suggest decision on an improper basis.**" *United States v. Ford*, 761 F.3d 641, 648 (6th Cir. 2014) (quoting *United States v. Gibbs*, 182 F.3d 408, 430 (6th Cir. 1999)). *See also Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("**Unfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.**" (quoting Fed. R. Evid. 403 advisory committee's note)) ...

*United States v. Hayek*, 2021 WL 3161469, at *3-4 (E.D. Tenn. July 26, 2021) (emphasis supplied).

With respect to "confusing the issues," that concept has been defined as follows:

> Broadly speaking, a risk of "confusing the issues" means that the evidence creates a significant possibility that the jury may misunderstand how to apply the law to the facts of the case.

*United States v. Kaye*, 2022 WL 860380, at *3 (S.D. Fla. Mar. 23, 2022), *aff'd*, 2024 WL 164810 (11th Cir. 2024). And in the specific context of this case, the concept of "misleading the jury," would substantially overlap with the concept to "confusing the issues" because by confusing the issues, the jury is likely to be misled.

## III. CERTAIN WITNESSES

These defendants seek the exclusion of the following witnesses from any trial of this case:

**15. City Manager Cathy Ball**

Cathy Ball's testimony could be necessary for this Court to decide the issue of subsequent

remedial measures, but that would not be testimony before the jury. Unless the Court allows Mr. Daigle to testify, then Cathy Ball should not be required to testify because she was not the City Manager of Johnson City (or an employee of Johnson City at any level) during the plaintiff's tenure as a Special Assistant United States Attorney. Therefore, any testimony of Ms. Ball would not be relevant under Rule 402, and/or any relevance would be substantially outweighed by unfair prejudice or would likely result in jury confusion under Rule 403.

**16. Officer Vanessa McKinney**
**17. Sergeant Jim Tallmadge**
**18. Jason Lewis**

In the plaintiff's original Complaint, Dahl sued Chief Turner individually under a theory that he was in a conspiracy with three John Doe officers who went to Sean Williams' condominium on May 5, 2021 for the alleged purpose of warning him that there was a sealed federal indictment for his arrest – thereby allowing him to abscond. *See Doc. 1, PageID ## 32-35 at ¶¶ 139-147.* In the defendants' Answer, they identified the three John Doe officers as Officer Vanessa McKinney, Sergeant Jim Tallmadge, and Officer Jason Lewis. *See Doc. 18, PageID #: 200* (under "Ninth Defense"). During discovery, the proof has shown that Chief Turner had no knowledge that any of those persons were going to Sean Williams' door on May 5, 2021. The proof is so clear that when the plaintiff filed her First Amended Complaint, she dropped the conspiracy claim against Chief Turner. *See Doc. 56, PageID ##: 757-811.*

The plaintiff's goal at trial is to attempt to show that officers bungled the investigation and arrest of Sean Williams in the hopes that the jury will find Chief Turner (personally) and Johnson City liable. This has no relevance to the legal claims before the Court, which all emanate from an alleged retaliation by Chief Turner of the plaintiff's First Amendment rights. Therefore, these

witnesses should not be permitted to testify because their testimony has no relevance to the claims before the Court (Rule 402) and/or any relevance is substantially outweighed by unfair prejudice or would likely result in jury confusion (Rule 403). The defendants have listed these same witnesses as a precaution since they were unaware if the plaintiff would be allowed to present evidence of the events of May 5, 2021. The defendants do not intend to call these persons as witnesses unless the plaintiff is permitted to put on proof as to the May 5, 2021 incident involving these officers.

**19. District Attorney Investigator Mike Little**

On January 9, 2024, the plaintiff supplemented her Federal Civil Procedure Rule 26 Disclosures by listing:

Mike Little
Criminal Investigator
Tennessee First Judicial District
Washington County Courthouse
100 E. Main Street
P.O. Box 219
Jonesborough, TN 37659
(423) 753-5020

The plaintiff failed to comply with Rule 26 because she made no effort to disclose what "discoverable information" is possessed by Investigator Little. Therefore, he should be excluded on that basis alone. But more importantly, Investigator Little has been actively involved in the investigation into Sean Williams after his arrest in 2023. Once again, this is an attempt to try the investigators for the Johnson City Police Department ("JCPD") in hopes a jury would find Chief Turner personally liable and/or Johnson City liable – even though the legal claims before this Court all emanate from the First Amendment retaliation claim against Chief Turner where the alleged retaliatory act was the non-renewal of the plaintiff's contract in June of 2021. Therefore,

investigator Little should not be permitted to testify because his testimony has no relevance to the claims before the Court (Rule 402) and/or any relevance is substantially outweighed by unfair prejudice or would likely result in jury confusion (Rule 403).

**21. Caleb Harless**

The plaintiff made the following Rule 26 disclosure as to Mr. Harless:

> Caleb Harless
> 3500 Honeywood Drive
> Johnson City, TN 37694
> (423) 915-6611
>
> Mr. Harness (sic) has knowledge of [Sean Williams'] parties, of the Jane Doe 1 incident, and of the police response by JCPD to Jane Doe 1's fall from [Williams'] loft window.

Once again, this is an attempt to try the investigators for the JCPD in hopes a jury would find Chief Turner personally liable and/or Johnson City liable – even though the legal claims before this Court all emanate from the First Amendment retaliation claim against Chief Turner where the alleged retaliatory act was the non-renewal of the plaintiff's contract in June of 2021. Therefore, Caleb Harless should not be permitted to testify because his testimony has no relevance to the claims before the Court (Rule 402) and/or any relevance is substantially outweighed by unfair prejudice or would likely result in jury confusion (Rule 403).

**22. Mitzi Emig**

The plaintiff made the following Rule 26 disclosure as to Ms. Emig:

> Mitzi Emig
> Address Unknown
> 423-943-7443
>
> Ms. Emig is a former employee of [Sean Williams], who has knowledge of

[Williams'] statements concerning certain Jane Does, as well as JCPD's attempts to execute an arrest warrant on [Williams].

The defendants make the same objections as to "21. Caleb Harless."

**23. Cynthia Bradford**

The plaintiff made the following Rule 26 disclosure as to Ms. Bradford:

Cynthia Bradford
502 Magnolia Avenue
Johnson City, TN 37604
423-631-9418

Ms. Bradford is a former of (sic) tenant of [Sean Williams] in his loft building, who has knowledge of [Williams'] behavior toward young women, and the response by Johnson City Police Department to incidents involving [Williams] at his loft building.

The defendants make the same objections as to "21. Caleb Harless."

**24. John Taylor**

The plaintiff made the following Rule 26 disclosure as to Mr. Taylor:

John Taylor
(423) 270-1032

Mr. Taylor is a former of (sic) tenant of [Sean Williams] in his loft building, who has knowledge of [Williams'] behavior toward young women, and the response by Johnson City Police Department to incidents involving [Williams] at his loft building.

The defendants make the same objections as to "21. Caleb Harless."

**26. Corey Shipley**

Corey Shipley is an attorney who was formerly a Special Assistant United States Attorney ("SAUSA") detailed to the JCPD. Attorney Shipley is not listed on plaintiff's Rule 26 Disclosures.

In addition, any testimony from Attorney Shipley would require a *Touhy* request to the United States Department of Justice, which has not been made. Finally, Attorney Shipley did not work as a SAUSA during Chief Turner's tenure as Police Chief. Therefore, any testimony of Attorney Shipley would not be relevant to the claims before the Court

(Rule 402) and/or any relevance would be substantially outweighed by unfair prejudice or would likely result in jury confusion (Rule 403).

**27. Kaycee Roberts**

The plaintiff made the following Rule 26 disclosure as to Ms. Roberts:

> Kaycee Roberts
> 1044 South Rembert Street
> Memphis TN 37659
> 423-483-0525
>
> Ms. Roberts, a former Federal Defender, likely has some discoverable information as to Dahl's investigation into, and charging of, [Sean Williams'] criminal activity.

The defendants make the same objections as to "21. Caleb Harless."

**28. Jane Doe 7's sister S.T.**

The plaintiff made the following Rule 26 disclosure as to Jane Doe 7's sister S.T.:

> Jane Doe 7's sister 1
> See Sealed Key
>
> Jane Doe 7 is deceased. Jane Doe 7's sister 1 likely has information on sexual assault and the death of Jane Doe 7 by [Sean Williams], and the lack of an investigation by Johnson City PD.

As an initial matter, this witness should be excluded because the plaintiff did not make initial contact with this person until after the plaintiff's contract had not been renewed. *See Doc. 93,* Motion in Limine, PageID #: 3481. Similarly, the defendants make the same objections as to

"21. Caleb Harless."

Respectfully submitted,

*s/K. Erickson Herrin*
K. Erickson Herrin, BPR # 012110
**HERRIN, McPEAK & ASSOCIATES**
515 East Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
Phone: (423) 929-7113
Fax: (423) 929-7114
Email: rachel@hbm-lawfirm.com

*s/ Thomas J. Garland, Jr.*
Thomas J. Garland, Jr., BPR # 011495
**MILLIGAN & COLEMAN PLLP**
P.O. Box 1060
Greeneville, TN 37744-1060
Phone: (423) 639-6811
Fax: (423) 639-0278
Email: tgarland@milligancoleman.com

*s/ Emily C. Taylor*
Emily C. Taylor, BPR # 27157
**WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.**
P.O. Box 131
Knoxville, TN 37901-0131
Phone: (865) 637-1700
Email: etaylor@watsonroach.com

*Attorneys for Defendants*