UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| KATERI LYNNE DAHL, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 2:22-cv-00072-KAC-CRW |
| | ] | JURY DEMAND |
| CHIEF KARL TURNER, and | ] | |
| CITY OF JOHNSON CITY, TENNESSEE, | ] | |
| | ] | |
| Defendants. | ] | |

**MEMORANDUM BRIEF IN SUPPORT OF**
**<u>MOTION IN LIMINE TO EXCLUDE CERTAIN EXHIBITS</u>**

## I. OVERVIEW

Johnson City and Karl Turner (the "defendants") seek the exclusion of certain exhibits listed by Kateri Dahl ("Dahl") on her "Pre-Trial List of Witnesses and Exhibits." The grounds on which the defendants rely are hearsay (Federal Rule of Evidence 802, "Rule 802"), and/or relevance (Federal Rule of Evidence 402, "Rule 402") and unfair prejudice/jury confusion of the issues (Federal Rule of Evidence 403, "Rule 403").

## II. LAW

### A. <u>Rule 802</u>

Rule 802 reads as follows:

> Hearsay is not admissible unless any of the following provides otherwise:
>
> - a federal statute;
> - these rules; or
> - other rules prescribed by the Supreme Court.

Hearsay is defined as follows in Rule 801:

> (c) Hearsay. "Hearsay" means a statement that:
>
> (1) the declarant does not make while testifying at the current trial or hearing; and
>
> (2) a party offers in evidence to prove the truth of the matter asserted in the statement.

B. Rules 402 and 403

Under Rule 402, relevant evidence is generally admissible and irrelevant evidence is not admissible. The test for relevant evidence is set forth in Rule 401:

> Rule 401. Test for Relevant Evidence
>
> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Under Rule 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

With respect to the concept of "unfair prejudice," Federal District Court Judge Greer has explained:

> The phrase "unfair prejudice," when used in the context of Rule 403, "does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; **rather, it refers to evidence which tends to suggest decision on an improper basis.**" *United States v. Ford*, 761 F.3d 641, 648 (6th Cir. 2014) (quoting *United States v. Gibbs*, 182 F.3d 408, 430 (6th Cir. 1999)). *See also Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("**Unfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.**" (quoting Fed. R. Evid. 403 advisory committee's note)) ...

*United States v. Hayek*, 2021 WL 3161469, at *3-4 (E.D. Tenn. July 26, 2021) (emphasis

supplied).

With respect to "confusing the issues," that concept has been defined as follows:

> Broadly speaking, a risk of "confusing the issues" means that the evidence creates a significant possibility that the jury may misunderstand how to apply the law to the facts of the case.

*United States v. Kaye*, 2022 WL 860380, at *3 (S.D. Fla. Mar. 23, 2022), *aff'd*, 2024 WL 164810 (11th Cir. 2024). And in the specific context of this case, the concept of "misleading the jury," would substantially overlap with the concept to "confusing the issues" because by confusing the issues, the jury is likely to be misled.

## III. CERTAIN EXHIBITS

These defendants seek the exclusion of the following exhibits from any trial of this case:

**Exhibit #12: Kacei Pierce PACER documents; and Exhibit #13: Nathan Tucker PACER documents.**

As addressed in Chief Turner's pending Motion for Summary Judgment, on May 19, 2021 Chief Turner requested a meeting with Dahl to review her list of cases. Dahl secretly recorded that conversation. Dahl selected five cases that she represented she would present to the Grand Jury on June 9, 2021. Two of those five cases were Kacei Pierce and Nathan Tucker. Dahl did not present either case on June 9, 2021. The defendants object to these exhibits to the extent they refer to any event occurring after the non-renewal of Dahl's contract in June 2021 because that evidence is not relevant to her claims against these defendants under Rule 402, and/or such evidence would lead to unfair prejudice or jury confusion under Rule 403. In support, the defendants adopt by reference their Motion in Limine and supporting Memorandum Brief seeking to exclude evidence of events post-non-renewal of Dahl's contract. *See Doc. 93, PageID #: 3481; and Doc. 94, PageID #: 3483.*

**Exhibit #38: Text messages between Dahl and Sarah Trent, Bates Dahl 1241.**

Sarah Trent is the sister of Jane Doe #7. Dahl did not discover Sarah Trent until after the non-renewal of her contract. *See e.g. Doc. 56, PageID #: 789 at ¶ 116.* As an initial matter, the defendants object to these text messages based on relevancy (Rule 402), and/or unfair prejudice or jury confusion (Rule 403). Alternatively, the text messages are inadmissible hearsay. *See* Rule 802. Rule of Evidence 802 ("Rule 802").

**Exhibit #60: Letter from Mark Sirois to Pete Peterson, dated 9/8/11, Bates Stamp No. 1385-1389.**

This Collective Exhibit is from almost ten years before Dahl's initial contract. This exhibit is not relevant to the issues before the Court (Rule 402), and/or it would result in unfair prejudice or jury confusion (Rule 403). Further, the correspondence includes a former District Attorney, a former U.S. Attorney, a retired employee of Johnson City and is hearsay (Rule 802) as to all these individuals none of whom are listed as witnesses.

**Exhibit #66: Official forensic biology report for K.H., dated 7/14/21, Bates Stamp No. 0441-0442.**

This report is dated after the non-renewal of Dahl's contract. Therefore, it is not relevant (Rule 402), and/or it would result in unfair prejudice or jury confusion (Rule 403).

**Exhibit #72: Johnson City Police Department - NIBRS Agency crime overview - 2020.**

This is a report from 2020 listing, in part, rape cases and prosecutions for that year. Based on the claims asserted in this action (which are all related to the First Amendment retaliation), this report is not relevant (Rule 402), and/or any relevance is substantially outweighed by unfair prejudice or the likelihood of jury confusion (Rule 403).

**Exhibit #74: Johnson City Police Department report regarding A.A., Bates Stamp No. 0988-0992.**

This report is dated July 15, 2022, more than a year after the non-renewal of Dahl's contract. Therefore, it is not relevant (Rule 402), and/or it would result in unfair prejudice or jury confusion (Rule 403).

**Exhibit #79: Kacei Pierce motion for detention hearing, dated 7/20/22.**

This report is dated more than a year after the non-renewal of Dahl's contract. Therefore, it is not relevant (Rule 402), and/or it would result in unfair prejudice or jury confusion (Rule 403).

**Exhibit #87: Daigle Audit of Sex Related Crimes, dated 7/10/23.**

The Daigle Audit should be excluded for the same reasons set forth in the Motion in Limine and supporting Memorandum Brief filed by the defendants related to Eric Daigle. Alternatively, the Audit should be excluded based on lack of relevance (Rule 402) and/or the introduction of the Audit would result in unfair prejudice or jury confusion (Rule 403).

**Exhibit #140: Nathan Ray Tucker judgment, failure to appear, affidavit of complaint, probable cause determination, and arrest warrant, Bates Stamp No. 0285-0288.**

The documents referenced in this exhibit are from a State court prosecution of Nathan Ray Tucker. The proof at trial will show that State court prosecutions were initiated and then if Dahl decided to prosecute federally, the State court charges would be dismissed. The reason for prosecuting someone in federal court instead of state court is because the sentence would be lengthier in federal court. The reason for the initial prosecution in State court is that the officers

did not know whether Dahl would decide to prosecute federally. Tucker was one of the persons on Dahl's list that she represented that she would prosecute federally during the May 19, 2021 meeting. The introduction of the fact that Tucker was initially being prosecuted in State court is not relevant to the issues in this Court and is likely to lead to jury confusion. Therefore, this exhibit should be excluded under Rule 402 and/or Rule 403. Finally, the exhibit references a "judgment." There is no "judgment" in the referenced exhibit.

**Exhibit #164: E-mails between Mark Williams, PDA, and Tyler Whitlock, dated 4/19/22.**

This report is dated after the non-renewal of Dahl's contract. Therefore, it is not relevant (Rule 402), and/or it would result in unfair prejudice or jury confusion (Rule 403).

**Exhibit #165: Sensitive Information Report, dated 3/19/23.**

This report is dated after the non-renewal of Dahl's contract. Therefore, it is not relevant (Rule 402), and/or it would result in unfair prejudice or jury confusion (Rule 403).

**Exhibit #166: Sensitive Information Report, dated 8/2/23.**

This report is dated after the non-renewal of Dahl's contract. Therefore, it is not relevant (Rule 402), and/or it would result in unfair prejudice or jury confusion (Rule 403).

**Exhibit #182: E-mail from Toma Sparks to Paul Durant, dated 6/1/23, with attached affidavit in support of search warrant, Sparks 000079-000091.**

This email is dated after the non-renewal of Dahl's contract. Therefore, it is not relevant (Rule 402), and/or it would result in unfair prejudice or jury confusion (Rule 403). Moreover, the

attachment is an affidavit by Mike Little of the District Attorney's Office in support of a search warrant for the computers seized on September 20, 2020. The 2023 search warrant has the benefit of information discovered on Williams' computer during this 2023 arrest. This attachment is not relevant (Rule 402). Moreover, it is unfairly prejudicial and/or would likely lead to jury confusion (Rule 403). Moreover, it is hearsay (Rule 802).

**Exhibit #183: E-mail from Toma Sparks to Gary Wills, dated 5/17/23, with attached incident report, Sparks 000092-000094.**

This email is dated after the non-renewal of Dahl's contract. Moreover, it would constitute the introduction of prosecution efforts as to Williams after his 2023 arrest. Therefore, it is not relevant (Rule 402), and/or it would result in unfair prejudice or jury confusion (Rule 403).

**Exhibit #186: Rebecca Anne Sacora, Nicole Storm Vance, and Alunda Gail Rutherford intell reports, Peters documents 0013-0016.**

These intelligence reports were prepared after Sean Williams had disappeared from his condominium. Therefore, these reports are not relevant to the non-renewal decision at issue in this action (Rule 402), and/or the introduction of the reports would result in unfair prejudice or jury confusion (Rule 403).

**Exhibits #189 through Exhibit #197.**

These exhibits should be excluded because they are all related to Eric Daigle. Therefore, for the same reasons asserted in the defendants' Motion in Limine and supporting Memorandum Brief as to Daigle, they should be excluded. Alternatively, these exhibits should be excluded based on lack of relevance (Rule 402), and/or the introduction of these exhibits would result in unfair

prejudice or jury confusion (Rule 403).

These exhibits are identified by the plaintiff as follows:

EXHIBIT #189: E-mail from Sunny Sandos to Eric Daigle with attached draft agreement to provide professional services, Daigle Bates Stamp No. 029-035.

EXHIBIT #190: Final agreement to provide professional services, dated 7/28/22, Bates Stamp No. 1486-1489.

EXHIBIT #191: E-mails between Sunny Sandos and Eric Daigle, dated 7/12/23, Daigle Bates Stamp No. 043-044.

EXHIBIT #192: Daigle Audit of Sex Related Crimes, draft report with handwritten corrections, Daigle Bates Stamp No. 051-095.

EXHIBIT #193: Daigle Audit of Sex Related Crimes, draft report before corrections, Daigle Bates Stamp No. 096-141.

EXHIBIT #194: K.B. case file, Daigle Bates Stamp No. 020-028.

EXHIBIT #195: 2019/2020 rape report case notes, Daigle Bates Stamp No. 001-002.

EXHIBIT #196: K.H. case file, Daigle Bates Stamp No. 003-008.

EXHIBIT #197: B.P. case file, Daigle Bates Stamp No.009-019.

**Pltf SJ Exhibit 5: Gun photo**
**Pltf SJ Exhibit 6: Sparks property receipt**
**Pltf SJ Exhibit 9: Currency photo**
**Pltf SJ Exhibit 10: Arlo search warrant**
**Pltf SJ Exhibit 12: Arlo email with screenshot**

All of these exhibits come from the search of Sean Williams' condominium by officers after Mikayla Evans fell out the window of the condominium. The plaintiff's goal at trial is to put Johnson City and Turner on trial related to JCPD's investigation of Sean Williams -- even though that is not the issue in this First Amendment retaliation case (or the issue as to the other claims). The defendants have not moved to exclude "Pltf SJ Exhibit 4: Raped List" because that was discussed by Chief Turner and Dahl as evidenced by her secret recording of their December 8,

2020 meeting. But Chief Turner was not directly involved in the investigation of Mikayla Evans or the search of Williams' condominium. Therefore, while this evidence may be relevant in the related case of Jane *Does 1-9 v. City of Johnson City, Tennessee, et al,* No. 2:23-cv-00071-TRM-JEM, these exhibits should be excluded from trial in this case based on lack of relevance (Rule 402), and/or unfair prejudice or jury confusion (Rule 403).

**Plaintiff's SJ Exhibit 17: Jane Doe 2 Declaration.**

The declaration of Jane Doe 2 is hearsay. In fact, it contains hearsay within hearsay. Therefore, this declaration and the attachments should be excluded as hearsay ("Rule 802"). Alternatively, the declaration should be excluded based on lack of relevance (Rule 402), and/or the introduction of the reports would result in unfair prejudice or jury confusion (Rule 403).

**Plaintiff's SJ Exhibit 57: Declaration of Female 11.**

Female 11 is someone that Dahl first spoke with after the non-renewal decision. This declaration should be excluded because it is hearsay. In fact, it contains hearsay within hearsay (i.e., Female 11 recounting alleged conversations with third parties). Therefore, this declaration and the attachments should be excluded as hearsay (Rule 802). Alternatively, the declaration should be excluded based on lack of relevance (Rule 402), and/or the introduction of the reports would result in unfair prejudice or jury confusion (Rule 403).

**Plaintiff's SJ Exhibit 58 (sic): Declaration of Jane Doe 7.**

The declaration of Jane Doe 7 is actually Exhibit 68. The declaration of Jane Doe 7 is hearsay. Therefore, this declaration and the attachments should be excluded as hearsay (Rule 802).

Alternatively, the declaration should be excluded based on lack of relevance (Rule 402), and/or the introduction of the reports would result in unfair prejudice or jury confusion (Rule 403).

**Plaintiff's SJ Exhibit 71: Declaration of Jane (sic) 5.**

The declaration of Jane Doe 5 is hearsay. In fact, it contains hearsay within hearsay. Therefore, this declaration and the attachments should be excluded as hearsay (Rule 802). Alternatively, the declaration should be excluded based on lack of relevance (Rule 402), and/or the introduction of the reports would result in unfair prejudice or jury confusion (Rule 403).

Respectfully submitted,

*s/K. Erickson Herrin*
K. Erickson Herrin, BPR # 012110
**HERRIN, McPEAK & ASSOCIATES**
515 East Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
Phone: (423) 929-7113
Fax: (423) 929-7114
Email: rachel@hbm-lawfirm.com

*s/ Thomas J. Garland, Jr.*
Thomas J. Garland, Jr., BPR # 011495
**MILLIGAN & COLEMAN PLLP**
P.O. Box 1060
Greeneville, TN 37744-1060
Phone: (423) 639-6811
Fax: (423) 639-0278
Email: tgarland@milligancoleman.com

*s/ Emily C. Taylor*
Emily C. Taylor, BPR # 27157
**WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.**
P.O. Box 131
Knoxville, TN 37901-0131
Phone: (865) 637-1700
Email: etaylor@watsonroach.com

*Attorneys for Defendants*