UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| KATERI LYNNE DAHL, | ) |
| Plaintiff, | ) |
| v. | ) NO.: 2:22-CV-72-KAC-JEM |
| KARL TURNER, et al., | ) |
| Defendants. | ) |

# ORDER

On January 16, 2024, after discovery closed in this action, Defendants Karl Turner and Johnson City, Tennessee filed separate motions for summary judgment [*See* Docs. 54, 61, 66]. On July 3, Plaintiff Kateri Lynne Dahl filed a "Motion to Stay Summary Judgment, to Re-open Discovery, or, Alternatively, to Supplement the Summary Judgment Record" putatively under Federal Rule of Civil Procedure 56(d) [Doc. 128]. In that Motion, Plaintiff asserted that there were "omissions" in Defendants' discovery productions [*See* Doc. 128 at 15]. Among other things, those purported omissions include "audit trails" and "audit narratives" that Defendants only provided to Plaintiff during the briefing of her Motion [*See* Docs. 128 at 2, 134 at 3-4].

Under Rule 26(e), Parties have an ongoing obligation to "supplement or correct" certain discovery "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process [of that action] or in writing." *See* Fed. R. Civ. P 26(e). Plaintiff's Motion and the relevant briefing, including the continuing identification of potentially-responsive discovery, raise serious questions regarding

whether all Parties have fully complied with their obligations under Rule 26(e). In this circumstance, the Parties must fully comply with Rule 26(e) before the Court can properly assess Plaintiff's Motion under Rule 56(d). *See* Fed. R. Civ. P. 56(d) (requiring the Court to assess whether Plaintiff "cannot present facts essential to justify its opposition"); *see also Ball v. Union Carbide Corp.*, 385 F.3d 713, 721 (6th Cir. 2004) (requiring the moving party to "state how any discovery would have shed further light on the issue" or issues relevant to summary judgment).

Further, under Rule 56(d), to the extent Plaintiff believes that she needs certain additional discovery after the Parties have fully complied with Rule 26(e), she must indicate "what material facts" she "hopes to uncover by the additional discovery requested." *See Short v. Oaks Corr. Facility,* 129 Fed. Appx. 278, 281 (6th Cir. 2005) (quotations omitted) (interpreting Fed. R. Civ. P 56(f)). "It is not enough to state that [additional] discovery is needed without ***explaining why*** it is needed" to oppose a pending motion for summary judgment. *See id.* (emphasis added); *see also Ball*, 385 F.3d at 721 (noting that "merely hint[ing]" at the reason is not enough). And this matter is currently set for trial on October 22, 2024 [*See* Doc. 126].

To efficiently address this quagmire, the Court **ORDERS** all Parties to supplement all applicable discovery in this action as required under Rule 26(e) by **October 9, 2024.** Thereafter, on or before **October 16, 2024**, Plaintiff **MUST** file a supplement to her Motion [Doc. 128], specifically identifying (1) which precise additional discovery she seeks after all Rule 26(e) supplementation is complete and (2) how each of those precise items "sheds further light" on an issue that is in dispute in either or both of the pending motions for summary judgment [Docs. 61, 66]. To permit the Parties to focus on this effort before preparing for trial, the Court **STAYS** this action pending further Order of the Court. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

2

**All hearings, deadlines, the final pretrial conference, and the trial of this matter are STAYED.**

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge