UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| KATERI LYNNE DAHL, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 2:22-cv-00072-KAC-JEM |
| | ] | JURY DEMAND |
| CHIEF KARL TURNER, et al., | ] | |
| | ] | |
| Defendants. | ] | |

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SUPPLEMENT TO MOTION TO STAY OR REOPEN DISCOVERY OR SUPPLEMENT THE RECORD [DOC. 150]**

The City of Johnson City, Tennessee ("Johnson City") and Chief Karl Turner, in his individual capacity ("Turner") (collectively, "the defendants") make the following supplemental response to Dahl's supplemental response:

## I. INSTRUCTION OF THIS COURT

In this Court's Order dated September 11, 2024, the Court instructed Dahl in pertinent part:

> Plaintiff MUST file a supplement to her Motion [Doc. 128], specifically identifying (1) which precise additional discovery she seeks after all Rule 26(e) supplementation is complete and (2) how each of those precise items "sheds further light" on an issue that is in dispute in either or both of the pending motions for summary judgment [Docs. 61, 66]

*Doc. 149, PageID #: 5017.*

## II. POSITION OF THE DEFENDANTS

### A. Overview

The position of the defendants is that Dahl's Supplemental Response fails to comply with this Court's Order. The starting point requires a review of the issues before the Court in the pending motions for summary judgment. The defendants set forth those issues in their initial Response. As

to Johnson City, see Defendants' Response at Doc. 134, PageID ##: 4837-38. As to Turner, see Defendants' Response at Doc. 134, PageID #: 4835-37.

Notwithstanding this Court's clear instructions, Dahl has failed to comply.

B. Cathy Ball's communications with Turner and her real estate agent

In the spring of 2022, City Manager Cathy Ball, who was not employed by Johnson City until after Dahl's tenure as a Special Assistant United States Attorney ("SAUSA"), sought to purchase the fifth-floor condominium that happened to be owned by Sean Williams. Dahl argues in her supplemental response that this evidence is important because:

> Chief Turner has argued in summary judgment that he has qualified immunity because he did not know about Plaintiff's May 2021 reports to the FBI about Sean Williams, and generally disavowed any knowledge of Williams's condo, a bungled search warrant execution there in September 2020, and a failed attempt to arrest Williams on an outstanding warrant in May 2021 that tipped him off, allowed him to flee.

*Doc. 150, PageID #: 5020.*

This representation of Turner's motion is incorrect. Turner does argue that he had no knowledge that Dahl had gone to the FBI in May 2021 (and hence did not know that Dahl had engaged in "protected activity"), but the evidence Dahl seeks does not "shed further light" on this issue. Moreover, the remaining arguments are red herrings. For example, before the Court – in support of the dispositive motions – is a recording and transcript of a December 8, 2020 meeting between Dahl and Turner wherein Turner asks Dahl whether AUSA Wayne Taylor, her boss, thinks there is probable cause for a search warrant, and she tells Turner that both she and AUSA Taylor think it is 50/50.

C. Financial records allegedly related to two Johnson City officers

Dahl references unsubstantiated allegations in the lawsuit of *Does v. Johnson City*, 2:23-cv-71. *See Doc. 150, PageID ##: 5021-22.* Again, the evidence sought does not shed further light on the issues that are before the Court on the dispositive motions.

D. Mike Little affidavits showing what was on devices seized from Williams's condo

Dahl seeks to reopen discovery based on evidence of sex crimes purportedly found on Williams's electronic devices. *See Doc. 150, PageID #: 5022.* As referenced earlier, Turner asked Dahl on December 8, 2020 whether AUSA Taylor thought there was sufficient evidence to obtain a search warrant on the electronic devices, and she responded that both she and AUSA Taylor were 50/50. Any affidavits of Mike Little that may exist do not shed further light on the issues before the Court on the dispositive motions.

E. Audio/video recordings of several Jane Does

Dahl seeks the discovery of audio/video recordings of two Jane Does. *See Doc. 150, PageID #: 5022.* This evidence sought does not "shed further light" on the issues that are before the Court on the dispositive motions.

F. Police records involving Jane Doe 14

Dahl seeks police records involving Jane Doe 14 because (according to Dahl):

> As detailed above, the Does litigation has identified unusual and suspicious activity between Johnson City officers Jenkins and Sparks and Williams' business associate Jane Doe 14, particularly as to cash payments.

*Doc. 150, PageID #: 5023.* Dahl then makes an illogical leap that such evidence would "show motive by each Defendant to fire Dahl for her speech." *Id.* These spurious allegations against Officers Jenkins and Sparks do not "shed further light" on the issues that are before the Court in the dispositive motions.

G. Sean Williams' jailhouse records and criminal trial exhibits

Dahl seeks these records and criminal trial exhibits under a wild theory that Johnson City Police Department officers assisted in Williams' escape while being transported from a jail in Kentucky to the United States District Court in Greeneville, and that "such evidence shows motive by each Defendants (sic) to fire Dahl for her speech." *Doc. 150, PageID #: 5024.* These spurious allegations do not "shed further light" on the issues that are before the Court on the dispositive motions. Neither Johnson City nor Karl Turner have possession of any Williams' criminal trial exhibits.

H. Unredacted JCPD officer phone bills and call logs

Dahl asserts that this evidence "goes to motive and credibility for Defendants' proffered reasoning for firing Dahl." *Doc. 150, PageID #: 5024.* This request for a fishing expedition after the close of discovery does not "shed further light" on the issues that are before the Court on the dispositive motions.

I. Depositions

Dahl seeks to depose Turner, retired-Captain Peters, Officer Sparks, Officer Jenkins, and Jane Doe 14. *Doc. 150, PageID #: 5025.* Again, Dahl has failed to comply with this Court's Order by identifying "precise items [that] 'sheds further light' on an issue that is in dispute in either or both pending motions for summary judgment." *Doc. 149, PageID #: 5017.*

## III. CONCLUSION

Based on the foregoing, as well as the arguments made in the defendants' initial Response, Dahl's Motion should be denied.

Respectfully submitted,

*s/K. Erickson Herrin*
K. Erickson Herrin, BPR # 012110
**HERRIN, McPEAK & ASSOCIATES**
515 East Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
Phone: (423) 929-7113
Fax: (423) 929-7114
Email: lisa@hbm-lawfirm.com

*s/ Thomas J. Garland, Jr.*
Thomas J. Garland, Jr., BPR # 011495
**MILLIGAN & COLEMAN PLLP**
P.O. Box 1060
Greeneville, TN 37744-1060
Phone: (423) 639-6811
Fax: (423) 639-0278
tgarland@milligancoleman.com

*s/ Emily C. Taylor*
Emily C. Taylor, BPR # 27157
**WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.**
P.O. Box 131
Knoxville, TN 37901-0131
Phone: (865) 637-1700
Email: etaylor@watsonroach.com

*Attorneys for Defendants*