UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION
GREENEVILLE

| | | |
|---|---|---|
| KATERI LYNNE DAHL,<br><br>Plaintiff,<br><br>v.<br><br>CHIEF KARL TURNER,<br>*in his individual capacity only, et al.,*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:22-cv-00072-KAC-JEM |

**<u>Plaintiff Kateri Dahl's Motion to Exclude</u>**[1]
**<u>"Defendants' Supplemental Response to Plaintiff's Supplement to Motion to Stay or Reopen Discovery or Supplement The Record [Doc. 150]" [*sic*]</u>**

1. After contested motion practice, the Court ordered plaintiff Kateri Dahl to file a supplement to her *"Motion to Stay Summary Judgment, to Re-open Discovery, or, Alternatively, to Supplement the Summary Judgment Record."* *See* Order dated 9/11/2024 [Doc. 149].

2. Dahl timely filed her supplement. *See* Supplement [Doc. 150].

3. Defendants have now filed yesterday, without leave, a Supplemental Response [Doc. 151]. In that document, Defendants quarrel with each piece of discovery that Dahl has precisely identified under Rule 56(d), Fed. R. Civ. P., to supplement her summary judgment opposition.

4. Briefing on Dahl's initial Motion to Stay was already completed when the Court issued its Order dated 9/11/2024.

[1] This motion is denominated a "motion to exclude" rather than a "motion to strike" because motions to strike are properly limited only to pleadings. "Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly." 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2014). "Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." *Id.* *See also* Fed. R. Civ. P. 7(a) (defining pleadings).

5. Defendants' Supplement is not authorized by either the Local Rules of this Court as to motion practice, *see* LR 7.1(d) (governing Supplement Briefing), nor the Court's Order of 9/11/2024. So, Defendants' "Supplemental Response" is procedurally improper.

6. Further, Dahl has no procedural ability to respond with a surreply to Defendants' "Supplemental Response," even though Defendants make new assertions as to the facts and the record in Dahl's court-ordered supplement. "[S]urreplies are generally disfavored." *Banner Health v. Sebelius,* 905 F. Supp. 2d 174, 187 (D.D.C. 2012); *see also Sec. & Exch. Comm'n v. Watkins*, 317 F. Supp. 3d 1244, 1249 (N.D. Ga. 2018) (allowing a surreply as a matter of course "would put the court in the position of refereeing an endless volley of briefs.").

7. Dahl is mindful too that this Court has cited the Sixth Circuit in approval of its practice of excluding documents filed in violation of LR 7.1(d). *See, e.g., Johnson v. Knox Cnty.*, No. 3:19-cv-179-PLR-DCP at *6 (E.D. Tenn. May 20, 2020) (compiling Sixth Circuit cases).

8. To be clear, Dahl is not asking this Court for leave to file a surreply. She is simply asking the Court not to give Defendants a procedurally improper second bite at the apple. It's neither fair nor permitted by LR 7.1(d).

WHEREFORE Plaintiff Kateri Lynne Dahl moves this Court to EXCLUDE Defendants' "Supplemental Response" [Doc. 151] to her Court-ordered Supplement to her "*Motion to Stay Summary Judgment, to Re-open Discovery, or, Alternatively, to Supplement the Summary Judgment Record"*; and to grant such other relief as may be just, meet and reasonable.

Dated: October 29, 2024

Respectfully submitted,

*Counsel for Plaintiff Kateri Lynne Dahl*

/s/ Hugh A. Eastwood
Hugh A. Eastwood, *admitted pro hac vice pursuant to L.R. 83.5(b)(1),*
E.D. Mo. Bar No. 62058MO,

8112 Maryland Ave., Suite 400
St. Louis, Missouri 63105-3700
hugh@eastwoodlawstl.com
(314) 809 2343
(314) 228 0107 eFax

/s/ Alexis I. Tahinci
Alexis I. Tahinci, TN BPR No. 031808
Tahinci Law Firm PLLC
105 Ford Ave., Suite 3
Kingsport, TN 37663
(423) 406-1151
(423) 815-1728 Fax
alexis@tahincilaw.com

**Certificate of Service**

The undersigned certifies that on October 29, 2024 that (s)he filed this document with the District Clerk to be served by operation of the Court's CM/ECF system upon all counsel of record.

*/s/ Hugh A. Eastwood*