UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| KATERI LYNNE DAHL, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 2:22-cv-00072-KAC-JEM |
| | ] | JURY DEMAND |
| CHIEF KARL TURNER, et al., | ] | |
| | ] | |
| Defendants. | ] | |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE [DOC. 152]**

Kateri Lynne Dahl ("Dahl") has filed a Motion to Exclude a Supplemental Response filed by the Defendants related to a Supplemental Response filed by Dahl. *Doc. 152, PageID #: 5031*. The bases for Dahl's Motion are: (1) the defendants' Supplemental Response violates Local Rule 7.1(d), (2) the Court's Order does not state that the defendants may file a Supplemental Response, and (3) it would be unfair to Dahl to allow the defendants to have a "second bite at the apple." *Id., PageID ##: 5031-32.* In this Court's Order dated September 11, 2024, it ordered the parties to supplement discovery, and it instructed Dahl as follows:

> Plaintiff **MUST** file a supplement to her Motion [Doc. 128], specifically identifying (1) which precise additional discovery she seeks after all Rule 26(e) supplementation is complete and (2) how each of those precise items "sheds further light" on an issue that is in dispute in either or both of the pending motions for summary judgment [Docs. 61, 66].

*Doc. 149*, *PageID #: 5017.* In other words, the Court was *requiring* Dahl to take "a second bite at the apple," so that the Court can better understand how to rule on Dahl's pending motion to reopen discovery. Upon reviewing Dahl's Supplemental Response, the defendants found it confusing, and filed their own Supplemental Response succinctly addressing the arguments in Dahl's Supplemental Response. *Doc. 151, PageID ##: 1526-30.*

The defendants' Supplemental Response does not violate Rule 7.1(d) because this is an unusual situation where the Court has issued an Order *requiring* one party to file a Supplemental Response. And while this Court's Order did not *require* the defendants to file a Supplemental Response, the defendants do not believe their filing violates this Court's Order. And finally, there is nothing unfair about the defendants having an opportunity to succinctly address the arguments in Dahl's Supplemental Response. Therefore, Dahl's Motion to Exclude should be denied.

Respectfully submitted,

*s/K. Erickson Herrin*
K. Erickson Herrin, BPR # 012110
**HERRIN, McPEAK & ASSOCIATES**
515 East Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
Phone: (423) 929-7113
Email: rachel@hbm-lawfirm.com

*s/ Thomas J. Garland, Jr.*
Thomas J. Garland, Jr., BPR # 011495
**MILLIGAN & COLEMAN PLLP**
P.O. Box 1060
Greeneville, TN 37744-1060
Phone: (423) 639-6811
Email: tgarland@milligancoleman.com

*s/ Emily C. Taylor*
Emily C. Taylor, BPR # 27157
**WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.**
P.O. Box 131
Knoxville, TN 37901-0131
Phone: (865) 637-1700
Email: etaylor@watsonroach.com

*Attorneys for Defendants*